UNITED STATES of America, Appellee,

v.

Wilfredo PEREZ SANCHEZ, Defendant, Appellant.

No. 85–1880.

United States Court of Appeals, First Circuit.

Argued Oct. 9, 1986.

Decided Nov. 25, 1986.

Randolph Gioia, by Appointment of the Court, with whom Madden and Gioia was on brief for defendant, appellant.

Richard G. Taranto with whom Samuel Rosenthal, Chief, Appellate Section, Criminal Division, Dept. of Justice, and Lincoln C. Almond, U.S. Atty., were on brief for appellee.

Before CAMPBELL, Chief Judge, COFFIN and BREYER, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Appellant Perez was tried for possession to distribute cocaine, conspiracy to distribute cocaine and possession of a shotgun which was not registered. At the first trial, one Roberson, an FBI agent, was asked by co-defendant Rodriguez's counsel "what other reports were prepared in connection with this operation that were not here in the discovery package provided by the U.S. Attorney's Office?" Roberson answered, "There is one statement which reflects the fact that Mr. Rodriguez did not want to talk to us without an attorney present." Rodriguez's counsel immediately moved the answer be stricken and the jury advised to disregard the response. The court did so. At the conclusion of Agent Roberson's testimony, counsel for Rodriguez moved for a mistrial on the basis of Roberson's comment on Rodriguez's assertion of his right to counsel, and because the report the agent alluded to had not been provided to defense counsel de-

spite an order and agreement of open discovery.

When copies of the missing report were produced, it was discovered that the agent had inaccurately characterized Rodriguez's statement: Rodriguez, in fact, had not asked for an attorney before making a statement. Upon learning of this, Rodriguez's counsel said he would be satisfied if the correct information were presented to the jury. However, counsel for co-defendant Perez moved to dismiss the indictment for non-production of the report, and he also moved for a mistrial. The latter was granted. Nonetheless, the district court found, and both defense counsel agreed, that there was "absolutely no question" about the prosecutor's good faith in failing to disclose the report. The district court commented that dismissal of the indictment would be "grossly overreactive." Neither at that trial nor at the retrial which followed, did defense counsel contend that the government's action, including the agent's response, had been contrived as a means to goad either defendant into seeking a mistrial.

Two weeks later the retrial began, and both defendants were found guilty. Neither defendant, during the second trial, sought dismissal of the indictments on grounds of double jeopardy. For the first time on appeal, Perez now argues that the retrial was barred by the double jeopardy clause of the fifth amendment of the federal Constitution. Essential to this contention, he insists that the government deliberately provoked him into moving for a mistrial by introducing false testimony concerning co-defendant Rodriguez's assertion of his privilege against self-incrimination and his right to counsel. In *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), the Supreme Court said,

> Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause. A defendant's motion for a mistrial constitutes "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact." Where prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, "[t]he important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error." *Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.*

*Id.* at 675–76, 102 S.Ct. at 2089 (citations omitted and emphasis added).

Putting aside the question of Perez's failure to plead double jeopardy below, we are not persuaded that the governmental conduct which resulted in Perez's request for a mistrial was undertaken with intent to "goad" him into moving for such a mistrial. Defense counsel themselves attested to the good faith of the prosecutor at least in failing to disclose the report. Perez suggests that the government wanted a mistrial because the agent was undergoing effective cross-examination during which he was contradicting himself as to the presence of a sawed-off shotgun in the vehicle occupied by the defendants. However, even if so, it is questionable that inconsistencies in the agent's testimony concerning the location of the shotgun would have upset the government's case on the two, more serious, narcotics charges. The district court, which saw and heard Agent Roberson, concluded that the agent's error was inadvertent. It said,

> And I am willing to make the assumption that Roberson didn't attempt to slide this comment in in an effort to take unfair advantage of the Defendant, and I'm willing to make that assumption mainly because it would have been crazy for him to do it in view of what's in the government's file. And I don't labor under the

delusion that someone who becomes a member of a Federal Bureau of Investigation is automatically a candidate for sainthood, but I do think they are reasonably intelligent people who know and understand and appreciate the rules and there was just no point in him intentionally doing it. I have to believe that he just made a mistake in his recollection about what that other piece of paper was.

Given the above finding, which is not clearly erroneous, and the other factors of record, we are not persuaded that the government's conduct was meant to "goad" Perez into seeking a mistrial within the meaning of *Oregon v. Kennedy,* 456 U.S. at 675–76, 102 S.Ct. at 2089.

*Affirmed.*