**UNITED STATES of America, Plaintiff,**

**v.**

**Carlos Lugo LOPEZ, et al., Defendant.**

**Cr. No. 92–162 (GG/CC).**

United States District Court,
D. Puerto Rico.

Feb. 8, 1994.

Epifanio Morales, U.S. Atty., Hato Rey, PR, for the U.S.

Miriam Ramos–Grateroles, Bayamón, PR, for Carlos Lugo–Lopez.

Laura Maldonado, Old San Juan, PR, for Carmen Gloria Rodriguez–Diaz.

José A. Lugo and Roberto Roldán–Burgos, Rio Piedras, PR, for Luis Cartagena–Carrasquillo.

Yolanda Collazo, Bayamon, PR, for José Luis Figueroa–Garcia.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is Defendant Luis Cartegena–Carrasquillo's ("Cartegena") motion to dismiss on the grounds of Double Jeopardy.[1] Defendants, Carmen Gloria Rodriquez ("Gloria") and Carlos Lugo Lopez ("Lugo") have requested and the Court has granted leave of court to join in said motion. The Government has filed a response to defendant Cartegena's motion to dismiss. For the reasons set forth below, defendants' motion to dismiss is hereby denied.

## FACTUAL BACKGROUND

Trial testimony in the instant case commenced on December 1, 1993 before the Honorable Gilberto Gierbolini. At the start of trial, the Court instructed all government and defense witnesses that they were not to discuss the substance of their testimony for the remainder of the trial.

Mr. Ramon Malave Lacourt ("Malave"), a confidential informant and only eye witness to the alleged drug transaction, was the Government's first witness. Defendants claim that Malave's testimony, which extended until December 7, 1993, was full of discrepancies and contradictions. As such, defendants claim that said testimony weakened the prosecution's case in chief. On December 7, 1993 at approximately 3:00 p.m., defense attorneys observed DEA Special Agent Jefferson Moran ("Moran") enter a witness room where Malave was being held. Moran is a potential witness in this case. He was also one of the special agents assigned to protect witness Malave.[2]

---

1. The Court notes that Cartegena's motion was filed on February 1, 1994, almost two months after the Court granted defendants' motion for mistrial (Docket # 144a, Tr. 38) and shortly before trial scheduled for February 14, 1994. Defendants are reminded that "the law ministers to the vigilant not to those who sleep upon perceptible rights." *Puleio v. Vose*, 830 F.2d 1197, 1203 (1st Cir.1987) The Court shall, notwithstanding this unexplained belated filing, rule on the merits of said motion.

2. Malave is a confidential informant who has worked undercover in conjunction with both Puerto Rican and federal law-enforcement agencies. His safety is considered at risk and he is furnished protection at all times, especially when

The defense attorneys do not contend that they heard Malave and Moran discussing the trial or Malave's testimony. (Tr. 34.) In fact, they admit that they do not know what. if anything the witnesses were conversing about. The defense attorneys do however point out that when they approached Moran and reprimanded him for contact with Malave, Moran initiated an argument, becoming hostile and disrespectful. (Tr. 31.)

This incident was immediately brought to the Court's attention in chambers. On the record, defendants moved for a mistrial. While the Court had various alternatives opened to it, Judge Gierbolini chose to grant defendants' motion. In so doing however, the Court specifically found and reiterated for the record that the prosecutor had acted properly at all times. (Tr. 38.)

Based on the above described actions defendants now allege that retrial will result in Double Jeopardy. They maintain that Malave's and Moran's conduct was designed to provoke defendants into requesting a mistrial. They further assert that said alleged provocation nullifies the general rule that where defendants move for mistrial, the Double Jeopardy clause is no bar to retrial.

## DISCUSSION

■ The Double Jeopardy Clause of the Fifth Amendment protects against multiple prosecutions and has been interpreted to "afford a criminal defendant a valued right to have his trial completed by a particular tribunal." *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). This principle is intended to prevent the State, an entity with substantial resources and power, from repeatedly attempting to convict an individual, thereby subjecting him to expense, embarrassment, and anxiety. *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976) (quoting *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957)).

■ Nevertheless, a defendant is not guaranteed that in just one proceeding the state will enforce its criminal laws. If the law were as such, "the purpose of law to protect society from those guilty of crimes, frequently would be frustrated by denying courts power to put the defendant on trial again." *Kennedy,* 456 U.S. 667, 671, 102 S.Ct. 2083, 2087.

■ Accordingly, a particular framework is utilized when a defendant charges Double Jeopardy after he has expressly consented to mistrial. The classical test of "manifest necessity" used to lift the Double Jeopardy bar when a trial is terminated over the objection of a defendant is thus discarded. *Kennedy,* 456 U.S. 667, 672, 102 S.Ct. 2083, 2088; *United States v. Dinitz,* 424 U.S. 600, 606, 96 S.Ct. 1075, 1079. *U.S. v. Aguilar–Aranceta,* 957 F.2d 18, 20 (1st Cir.1992) Instead, the general rule that the Double Jeopardy Clause does not bar retrial where mistrial is granted on the defendant's own motion takes hold and only a sole exception is permitted.

In *Kennedy,* The Supreme Court defined and delineated the bounds of said exception. The Court held that the narrow exception only applies where "the prosecutor's actions giving rise to the motion for mistrial were done in order to *goad* the defendant into requesting a mistrial." *Kennedy,* 456 U.S. 667, 673, 102 S.Ct. 2083, 2088. (emphasis ours) The Court explained:

> Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause.

*Kennedy,* 456 U.S. 667, 675–76, 102 S.Ct. 2083, 2089.

In *Kennedy,* the Supreme Court rejected the less stringent "overreaching" standard followed by the lower court. According to the Supreme Court, this "overreaching" standard did not offer any guidance nor did it articulate any criterion to apply. In contrast, a standard examining the intent of the prosecutor, merely calls for the court to make a finding of fact. The Supreme Court noted that inferring the existence or non-existence of intent from objective facts and

testifying at a trial. On December 7, 1993, Moran was assigned to protect witness Malave.

**58**

circumstances is a process familiar to our criminal justice system. *Id.*

 In the instant case, the prosecution and defendants admit that it was not the prosecutor's intent to cause a mistrial. On this point alone, it seems that defendants' motion to dismiss must be denied. *United States v. Perez Sanchez,* 806 F.2d 7 (1st Cir.1986)

However, defendants advance an innovative argument. Defendants maintain that the current indictment brought against them is barred because of the witnesses' intentional misconduct. Misconduct, which they assert was designed to provoke the defendant's into seeking a mistrial.

The defendants have not cited any authority that the intent of these witnesses is transferable to the prosecution. Furthermore, there is absolutely nothing in the record to indicate that by their actions, either witness Malave, or potential witness Moran, had any intent to "goad" defendants into seeking a mistrial. *See United States v. Poe,* 713 F.2d 579 (10th Cir.1983) *cert. den.* 466 U.S. 936, 104 S.Ct. 1907, 80 L.Ed.2d. 456 (1984) (Government witnesses' alleged violation of trial court's sequestration order did not bar retrial).

This Court therefore finds that it was not the intent of the witnesses to cause a mistrial. In so finding, the court rejects defendants' allegations that Malave knew he had not testified well, that Malave was aware that defense attorneys were conscious of his signalling to the prosecution, and that Moran's intent to provoke a mistrial was evidenced by his disrespectful attitude to defense attorneys when they questioned him about the closed door meeting with Malave. In the words of the government, the hurdles that these witnesses would have had to clear in order to mastermind such intentional conduct, are truly imposing.

In the instant case, the Double Jeopardy Clause will not be violated by retrying defendants. A mistrial was granted at the request of defendants and no misconduct by the prosecutor or the prosecution's witnesses was intended to provoke defendant's motion for mistrial. As explained above, misconduct which is merely harassing or overreaching although sufficient to justify a mistrial will not bar retrial absent said intent.

WHEREFORE, defendants' motion to dismiss on the grounds of Double Jeopardy is hereby denied.

**IT IS SO ORDERED.**