# United States Court of Appeals
## For the First Circuit

No. 07-2066

UNITED STATES OF AMERICA,

Appellee,

v.

EDWIN AVILES-SIERRA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Lynch, Chief Judge, and
Lipez and Howard, Circuit Judges.

Vernon Benet Miles, Assistant United States Attorney, with whom Rosa Emilia Rodriguez-Velez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, and Julia M. Meconiates, Assistant United States Attorney, were on brief for appellee.
Hector L. Ramos Vega, with whom Joseph C. Laws, Jr., Federal Public Defender, and Hector E. Guzman-Silva, Assistant Federal Public Defender, were on brief for appellant.

July 11, 2008

**LIPEZ**, **Circuit Judge**. Defendant-appellant Edwin Aviles-Sierra was tried on charges of possessing and importing cocaine with the intent to distribute it. His trial ended after he requested and was granted a mistrial. He argues, in this interlocutory appeal from a denial of his motion to dismiss on double jeopardy grounds, that his reprosecution should be barred because the government deliberately provoked the mistrial. The district court concluded, as a factual matter, that the mistrial was not deliberately provoked. Finding no clear error in that conclusion, we affirm.

**I.**

On November 27, 2006, a canine alert led agents from Immigration and Customs Enforcement (ICE) to find a plastic bag containing cocaine hidden in Aviles's van when he arrived in Puerto Rico aboard a car ferry from the Dominican Republic. Aviles was questioned by ICE agents and arrested. He was indicted on charges of possessing and importing cocaine into the United States with the intent to distribute, in violation of 21 U.S.C. §§ 952(a) and 841(b)(1)(A)(ii).

On the second day of his trial, during the prosecution's case-in-chief, ICE Agent Angelico Santiago-Rivera testified that the defendant had been asked by agents "if he was going to take the blame for it [the cocaine], and he said yes." Defense counsel immediately objected on grounds that he had no prior knowledge of

-2-

this inculpatory statement by the defendant and that it was not part of the discovery provided by the government prior to trial. He then moved for a mistrial.

The court took the motion under advisement during the lunch break. Upon returning from the recess, the court asked the prosecutor whether he had knowledge of the inculpatory statement. The prosecutor stated that, although he had talked with Agent Santiago about the case, he "did not recall specifically that information being indicated." The court noted that the inculpatory statement did not appear in the agent's written report.

Defense counsel then questioned Agent Santiago, who admitted that he had not included the inculpatory statement in his written report and stated that he did not remember whether he had told the prosecutor about the statement. Defense counsel moved for a judgment of acquittal and renewed his motion for a mistrial on the basis of the discovery violation by the government. In his argument, counsel also cited several previous cases in which, he alleged, the same prosecutor had committed discovery violations.

The prosecutor responded by stating that, "in an effort to protect [his] own credibility, [his] own reputation, as well as that of the agency and the agent, [he was] not opposed to a mistrial if that's what we have to do in order to protect Defendant's interest." Although the court stated that it had "a couple of cases" that would have supported a decision to deny the

defendant's motions, the court nevertheless agreed to grant the mistrial motion because both parties had now requested a mistrial.

After the grand jury returned a superseding indictment, Aviles moved for dismissal of the indictment on double jeopardy grounds and because of the prosecution's discovery violation.[1] The memorandum of law accompanying his motion described what Aviles perceived to be the gravity and inexplicability of the discovery violation, and stated that once the agent had testified about the inculpatory statement "a mistrial motion was guaranteed." However, the memorandum stopped short of asserting that the discovery violation was intentional or that the statement had been intentionally withheld – by either the prosecutor or the case agent – and then revealed at trial for the purpose of provoking a mistrial.[2]

The district court denied the motion to dismiss. In its written decision, the court explained:

> The Court cannot find that the United States acted to force Aviles into requesting a mistrial deliberately. The Court asked the Assistant U.S. Attorney in the case if he had heard the statement before that day, and he represented to the Court that he had not.

---

[1]On appeal, Aviles does not pursue the theory that dismissal was warranted as a sanction for the discovery violation itself.

[2]A single line in Aviles's memorandum states that "[i]f [the prosecutor] asked and the agent withheld the information from him, the government is chargeable with that conduct." However, Aviles never asserted that the agent had, in fact, intentionally withheld the information.

>Furthermore, Agent Santiago had not included the statement in his report and when answering questions from defense counsel he testified that he did not remember telling the Assistant U.S. Attorney about the statement. Moreover, even without the statement, the evidence presented at trial was sufficient to support a guilty verdict and any prejudice that Aviles could have suffered because the jury heard the statement would be negligible. Under the circumstances, the Court does not find any bad faith on the United States' part in not disclosing the statement.[3]

Aviles then filed this appeal.

## II.

Although a defendant cannot ordinarily pursue an immediate appeal from an interlocutory order in a criminal case, we permit interlocutory appeals from denials of motions to dismiss on double jeopardy grounds. Abney v. United States, 431 U.S. 651, 662 (1977); United States v. Toribio-Lugo, 376 F.3d 33, 37 (1st Cir. 2004). We review the district court's denial of such a motion to dismiss for abuse of discretion. Toribio-Lugo, 376 F.3d at 38. We accept the district court's factual findings unless they are clearly erroneous and review rulings of law de novo. Id.

The Double Jeopardy Clause provides that no person shall be "subject for the same offense to be twice put in jeopardy of

---

[3]Aviles also moved to suppress the inculpatory statement he allegedly made to Agent Santiago on the ground that he had not been read his Miranda rights prior to making the statement. The court found that Aviles had "not brought forth sufficient evidence to controvert the testimony of Agent Santiago" that Aviles had been given Miranda warnings in Spanish before the questioning began. Aviles does not appeal this ruling.

life or limb." U.S. Const. amend. V. However, when a defendant consents to a mistrial, double jeopardy does not bar reprosecution unless "the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." Oregon v. Kennedy, 456 U.S. 667, 679 (1982). As the Supreme Court has explained, mere prosecutorial error is insufficient:

> Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause. A defendant's motion for a mistrial constitutes "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact." United States v. Scott, 437 U.S. 82, 93 (1978). Where prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, "[t]he important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error." United States v. Dinitz, 424 U.S. 600, 609 (1976). Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.

Id. at 675-76.

On appeal, Aviles argues that Agent Santiago's surprise testimony regarding the alleged inculpatory statement "disrupted the entire 'game plan' of the defense attorney." Aviles explains that "the prosecutor knew that as soon as this statement/confession

-6-

was uttered in court a motion for mistrial was forthcoming." He then concludes that "[i]t was the government's intent to force the defense into requesting a mistrial by placing into evidence the aforementioned admission."

Aviles makes two circumstantial arguments aimed at showing that the prosecutor intended to "goad" the defendant into requesting a mistrial in this case. First, he details the defense's theory of the case, which he claims had become evident to the prosecution through the content of defense counsel's cross-examination of government witnesses. He claims that the prosecution had not anticipated the strength of the defense case. Thus, he concludes that "the case had become problematic to the prosecution and stopping it until it could regroup was essential."

This argument is foreclosed by the district court's finding that the prosecutor was unaware of the inculpatory statement prior to Agent Santiago's testimony on the stand. Nothing in the record prompts us to second-guess the district court's factual finding that the prosecutor had no prior knowledge of the statement. Because the prosecutor did not know of the statement, he could not have intentionally elicited the testimony for the purpose of goading the defendant into moving for a mistrial, no matter what weaknesses he perceived in his case against the defendant.

Second, Aviles points to alleged discovery violations by the same prosecutor in other cases. None of those cases involved a mistrial. Moreover, the negligent conduct he describes in those cases is not probative of whether the prosecutor intentionally acted to provoke a mistrial in Aviles's case.

On appeal, Aviles argues for the first time that it was the case agent who intentionally provoked the mistrial. Although the intentional conduct of an agent could be relevant to an inquiry into whether the government goaded the defense into moving for a mistrial, see United States v. Perez Sanchez, 806 F.2d 7, 8-9 (1st Cir. 1986), Aviles's failure to assert before the district court that the case agent intentionally provoked the mistrial means that this claim merits only plain error review, see United States v. McIntosh, 380 F.3d 548, 555 (1st Cir. 2004). There is no error here, plain or otherwise, because there is no evidence in the record to suggest that Agent Santiago took it upon himself to intentionally withhold the inculpatory statement and then spring it on the defense at trial for the purpose of goading the defense into requesting a mistrial.

On this record, the district court did not err in concluding that the government had no intent to force Aviles into requesting a mistrial. Accordingly, the denial of the motion to dismiss is affirmed.

So ordered.

-8-