**UNITED STATES of America**

v.

**Regina LEWIS, Defendant.**

**No. 12 Cr. 655(AKH).**

United States District Court,
S.D. New York.

Signed March 19, 2014.

Filed March 20, 2014.

A. Damian Williams, U.S. Attorney's Office, New York, NY, for United States of America.

Martin Samuel Cohen, Federal Defenders of New York Inc., New York, NY, for Defendant.

**ORDER AND OPINION DENYING MOTIONS TO DISMISS INDICTMENT AND FOR RELEASE FROM DETENTION**

ALVIN K. HELLERSTEIN, District Judge:

Regina Lewis, a *pro se* criminal defendant, has written to the Court and the

warden of the Metropolitan Detention Center complaining about the legality of her detention. As discussed below, the Court treats these documents (which are attached) as motions to dismiss the indictment against Lewis and for release from detention.

Lewis is charged with threatening a federal judge. As a result of her psychiatric problems, which have lengthened the criminal proceedings against her, and her violations of conditions of release, Lewis, who is presumed innocent, has been held in pretrial detention for over a year and a half. She continues in that status while her competency to stand trial is further evaluated. *See* 18 U.S.C. § 4241(d). She is hospitalized in the custody of the United States Attorney General to enable such further evaluation.

While the length of Lewis' detention is troubling, it is authorized by law and is consistent with the guarantees of the United States Constitution. Accordingly, Lewis' motions are denied.

### PROCEDURAL HISTORY

#### I. Arrest and indictment

On July 25, 2012, the government filed a sealed criminal complaint, accusing Lewis of violating 18 U.S.C. § 115(a)(1)(B). Dkt. No. 1. That same day, Magistrate Judge Gabriel W. Gorenstein signed a warrant for Lewis' arrest. Dkt. No. 2. The next day (July 26th), Lewis was arrested and provided with a court-appointed attorney, Assistant Federal Defender Martin Cohen. Dkt. Nos. 4, 6. In a hearing, Magistrate Judge Gorenstein ordered Lewis' pre-trial detention, pursuant to 18 U.S.C. § 3142, finding that Lewis posed a danger to the community and denying bail. Minute Entry 7/26/2012. Lewis was detained at the Metropolitan Correctional Center, New York.

The next month, a grand jury indicted Lewis. The indictment was filed in this Court on August 23, 2012. Dkt. No. 8. In the indictment, the grand jury charged that:

> On or about July 19, 2012, ... REGINA LEWIS ... did willfully threaten to assault, kidnap, and murder a United States judge ... to wit, on or about July 19, 2012, LEWIS made a phone call to the chambers of a United States District Judge in the Southern District of New York, during which she threatened to murder and otherwise harm that judge.

*Id.* The indictment stated that the statutory basis for the charges against Lewis was Title 18, United States Code, § 115(a)(1)(B). *Id.*

#### II. The Court conducts a bail hearing and sets a January 2013 trial date:

On August 30, 2012, Lewis was arraigned before Magistrate Judge Andrew J. Peck and pleaded not guilty. 8/30/2012 Minute Entry. Later that day, the Court held an initial pretrial conference in this case, in which the government reported that it would produce discovery to the defense by September 11, 2012. *Id.* At the conclusion of the conference, the Court adjourned the case to a future conference on October 4, 2012 and granted the government's motion to exclude time under the Speedy Trial Act, in the interest of justice, until that date. 8/30/2012 Oral Order.

On October 1, 2012, Lewis, through her attorney Cohen, wrote to the Court to request an adjournment of the next status conference so that the defense could propose a plan for treating Lewis's mental health. Dkt. No. 9. On October 3, 2012, the Court granted that request and adjourned the case to October 15, 2012, and, on Lewis's consent, excluded time under

the Speedy Trial Act in the interest of justice. *Id.*

On October 15, 2012, the Court held a second status conference in the case. 10/15/2012 Minute Entry. At the conference, the parties reported that the government had produced discovery to Lewis and her attorney. *See* Dkt. No. 11 (transcript). The defense reported that Lewis had been examined by an expert, who found that Lewis suffered from some trauma-related issues and needed medical treatment. *Id.* The defense requested a further adjournment of the case, so that they could make an application for Lewis' release and medical treatment based on the expert's examination. The Court granted the defense's request for an adjournment, adjourned the case three days to October 18, 2012, and excluded time under the Speedy Trial Act in the interest of justice. *Id.*

On October 16, 2012, Lewis, through her attorney Cohen, wrote to the Court to request an adjournment of the October 18, 2012 conference "to allow the parties to discuss [the defense's] request that the Court release Ms. Lewis, and the conditions of such a release." Dkt. No. 10. The Court granted that request, adjourned the case to October 30, 2012, and, on Lewis's consent, excluded time until October 30, 2012 under the Speedy Trial Act in the interest of justice. *Id.*

On October 29, 2012, New York City was hit by Hurricane Sandy. Due to the hurricane, this Court's courthouse in Manhattan was closed from October 29, 2012 to November 2, 2013. Accordingly, the Court rescheduled the status conference to December 17, 2012. Dkt. No. 13. On Lewis's consent, the Court excluded time under the Speedy Trial Act between November 19, 2012 and December 17, 2012. *Id.*

On December 17, 2012, the Court held the third status conference in this case. 12/17/2012 Minute Entry. At that conference, the defense applied for bail, requesting that the Court release Lewis subject to a mental health treatment program of at least six months and possibly longer. Dr. Michelle Galietta, the director of Clinical Training, Clinical Psychology at John Jay College, testified that such a long-term mental health treatment program would help Lewis and that if Lewis participated in such a program she would not be a threat to others. However, Dr. Galietta noted that even if treated, there would be a risk that Lewis would continue to say things that other people will think are harassing. The government opposed the motion for bail. United States Marshal Eric Weiss testified that Lewis had a long history of making threats to judges and judicial employees, that there was a risk that she would carry out one of her threats, and that she had a history of violating court orders. After hearing the testimony, the Court denied bail because of the risk Lewis posed to the community. At the conclusion of the conference, the Court set a trial date for January 22, 2013 and granted the government's motion to exclude time for Speedy Trial Act purposes until that date.

### III. The January 2013 trial date is adjourned due to a breakdown in communications between Lewis and her attorney:

On January 2, 2013, Lewis' attorney, Cohen, wrote "to inform the Court that Regina Lewis ha[d] requested that new counsel be appointed in her case ..." Dkt. No. 15. The letter stated that there had been a "complete breakdown in communication" between Cohen and Lewis. *Id.* Accordingly, the Court held a conference on January 14, 2013. *Id.*

At the January 14, 2013 conference, the Court, at Lewis' request, relieved Cohen

as Lewis' attorney and appointed a new attorney, Richard Rosenberg, to represent Lewis pursuant to the Criminal Justice Act. The Court then adjourned the case until February 1, 2013, to allow Rosenberg time to become familiar with the case and excluded time for Speedy Trial Act purposes until that date. Minute Entry 1/14/2013.

At the February 1, 2013 conference, Lewis, through her attorney Rosenberg, requested more time to prepare for trial. The Court adjourned the case to March 15, 2013 and excluded time for Speedy Trial Act purposes until that date. Minute Entry 2/1/2013.

### IV. Lewis' new attorney seeks a competency determination; Lewis causes further delays by refusing to attend Court hearing:

In March 2013, Rosenberg retained Dr. Elizabeth A. Owen, a psychologist, to examine Lewis and determine her competency to stand trial. Dkt. Nos. 16–18, 20. At the parties' request, the Court adjourned the March 15, 2013 conference to April 4, 2013 in order to allow Dr. Owen time to examine Lewis. Dkt. No. 19. The Court excluded time for Speedy Trial Act purposes until April 4, 2013. *Id.*

Lewis refused to attend the April 4, 2013 status conference. Dkt. No. 22 (transcript). Accordingly, the Court adjourned the case to April 19, 2013 and granted the government's motion to exclude time for Speedy Trial Act purposes until that date. *Id.*

At the April 19, 2013 status conference, Rosenberg reported that Dr. Owen had completed her psychological evaluation of Lewis, and had concluded that Lewis was not competent to stand trial. The Court noted that if Lewis was declared incompetent she might face a lengthy detention and adjourned the case until May 3, 2013

to allow Lewis to consider her options. The Court granted the government's motion to exclude time for Speedy Trial Act purposes until May 3, 2013.

Lewis refused to attend the May 3, 2013 status conference. Dkt. No. 28 (transcript of 5/7/2013 status conference) at 3:8–10. The next status conference was held on May 7, 2013. *Id.* At the conference, Lewis stated that she was unhappy with the representation that she had received from Rosenberg. *Id.* at 2:24–25. Pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), the Court directed the Bureau of Prisons to conduct a psychological examination of Lewis, *Id.* at 14:21–25. The Court adjourned the case until June 3, 2013, and granted the government's motion to exclude time for Speedy Trial Act purposes until that date, finding that it was "necessary to exclude time in order to pursue the question of whether or not Ms. Lewis is competent to participate in her defense." *Id.* at 15:8–17.

On May 31, 2013, the Court again adjourned the case until August 2, 2013, to allow the Bureau of Prisons to conduct an evaluation of Lewis at the Federal Medical Center in Carswell, Texas. Dkt. No. 27. The Court excluded time for Speedy Trial Act purposes until August 2, 2013, citing 18 U.S.C. § 3161(h)(1)(A), which provides for the exclusion of time for any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant," and 18 U.S.C. § 3161(h)(7)(A), which provides for the exclusion of time where a judge grants a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.*

In July 2013, the Court received a psychological report regarding Lewis. On

July 23, 2013, the Court adjourned the status conference to August 9, 2013 and directed the parties to prepare to discuss the psychiatric report at the next conference. Dkt. No. 30. The Court excluded time for Speedy Trial Act purposes until August 9, 2013 pursuant to 18 U.S.C. § 3161(h)(7)(A). *Id.* On August 6, 2013, the Court adjourned the status conference until August 14, 2013, due to Rosenberg's unavailability on August 9, 2013, excluded time for Speedy Trial Act purposes until that date. Dkt. No. 31.

At the August 14, 2013 status conference, the Court scheduled a competency hearing for September 11, 2013 to determine Lewis' competence to stand trial. 8/14/2013 Minute Entry. The Court excluded time until September 11, 2013 for Speedy Trial Act purposes under 18 U.S.C. § 3161(h)(1)(A). *Id.* On September 4, 2013, Lewis, through her counsel, Rosenberg, wrote to the Court requesting an adjournment of the September 11, 2013 hearing so that counsel could try to resolve the case without a competency hearing. Dkt. No. 33. Rosenberg consented to the exclusion of time resulting from any delay for Speedy Trial Act purposes. *Id.* The Court adjourned the hearing to October 2, 2013 and excluded time for Speedy Trial Act purposes until that date.

On October 1, 2013, the Court adjourned the hearing until October 16, 2013 due to the unavailability of Dr. Leslie Powers, the government psychologist who had examined Lewis at Carswell. Dkt. No. 36. The Court excluded time until October 16, 2013 for Speedy Trial Act purposes, citing 18 U.S.C. § 3161(h)(3), which provides for the exclusion of time due to a delay resulting from the unavailability of an essential witness, 18 U.S.C. § 3161(h)(1)(A), and 18 U.S.C. § 3161(h)(7)(A).

The next conference was held on October 30, 2013. Dr. Powers was unable to attend. Accordingly, the Court adjourned the competency hearing until November 5, 2013.

## V. Competency hearing:

On November 5, 2013, the Court held a competency hearing in this case. Dkt. No. 42 (transcript). At the hearing, Dr. Powers and Dr. Owen both testified that, in their opinion, Lewis was not competent to stand trial. *Id.* Dr. Powers testified that Lewis likely suffered from type 1 bipolar disorder and a delusional disorder. *Id.* at 17:8–9. Dr. Owen testified that Lewis likely suffered from type 1 bipolar disorder, with psychotic features, posttraumatic stress disorder, and personality disorder, with paranoid histrionic and antisocial features. *Id.* at 81:14–17. Lewis maintained that she was competent to stand trial and cross-examined Dr. Powers and Dr. Owen. *Id.* At the conclusion of the hearing, the Court found, based on the evidence in record, including Lewis' conduct, that Lewis understood the nature of the charge against her (even if she was delusional as to why she had been charged) and that whether she would have difficulty assisting counsel in preparing her defense was irrelevant, since she had expressed an intent to represent herself. *Id.* at 125:15–132:20. Accordingly, the Court concluded that Lewis was competent to stand trial. *Id.* However, the Court noted that Dr. Owen's testimony that, as a result of Lewis's personality disorder or paranoia, "triggering events" could affect Lewis' ability to represent herself "g[a]ve[ ] me pause" in reaching the conclusion that Lewis was competent, because no one could know whether a triggering event would occur before or during trial. *Id.* at 131:24–132:7. At the conclusion of the hearing, the Court scheduled a bail hearing for November 7, 2013. *Id.*

### VI. Lewis is released on bail:

The next hearing in this case was held on November 12, 2013. At the hearing, Lewis requested that her attorney, Rosenberg, be discharged and that she be allowed to proceed *pro se*. The Court discharged Rosenberg as Lewis' attorney and appointed a new attorney, Lloyd Epstein, to work with Lewis pursuant to the Criminal Justice Act. The Court directed Lewis to speak with Epstein before deciding whether she wanted to represent herself. The Court then ordered the parties to return on November 20, 2013 to address Lewis' representation and set a Final Pretrial Conference for November 26, 2013 and a trial date of December 2, 2013. The Court granted the government's motion to exclude time for Speedy Trial Act purposes until December 2, 2013.

Additionally, the Court granted Lewis' motion for release on bail, over the government's argument that Lewis was a continuing threat. The Court ordered Lewis' release subject to a series of conditions, including the following:

(1) Tammie Hollins and Sheila Monks, two individuals known to Lewis, would serve as third party custodians to Lewis. They must sign a contract indicating that they would advise Pretrial Services as to any violation of conditions by the defendant.

(2) Lewis would reside with Tammie Hollins.

(3) Lewis would participate in mental health counseling, as directed by Pretrial Services.

(4) Lewis would sign a Health Insurance Portability and Accountability Act ("HIPPA") release form allowing Pretrial Services monitor Lewis' participation in mental health counseling by obtaining information from the health counseling provider.

(5) Lewis would refrain from possessing a firearm, dangerous weapon or destructive device and refrain from residing at an address where such weapons are present;

(6) Lewis would refrain from making any direct or indirect threats to any individual by any medium.

(7) Lewis may not search the internet for background information regarding court personnel pertaining to her case and may not post any information on the internet regarding these individuals.

The Court directed that the release would be effective when Hollins and Monks, the third party custodians, signed the required contract.

However, in the days following the November 12, 2013 hearing, Hollins and Monks did not sign the contract. Pretrial Services attempted to make alternative arrangements for Lewis' release and explored the possibility of Lewis' sister, Maraya Lewis, serving as a third-party custodian. However, Pretrial Services was unable to locate any viable residence for Lewis. Maraya Lewis represented to Pretrial Services that she would not be able to allow Lewis to live with her, as it would violate the terms of Maraya Lewis' Section 8 housing. Pretrial Services also considered whether Lewis could reside with her friend Robyn Cobbs, but Cobbs' residence was unsuitable because Cobbs kept weapons and firearms at her home, and was unwilling to part with them.

On November 20, 2013, the Court held a status conference. At the status conference, Lewis moved to proceed *pro se*. After conducting a hearing in accordance with *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Court panted her motion and directed Epstein to serve as standby counsel.

Lewis then complained about her continuing detention. The Court directed Pretrial Services to create a plan to allow Lewis' release, to a shelter or hotel, and scheduled a hearing for the next day (November 21, 2013) to address this issue. Lewis then moved for an adjournment of the trial date, to allow her time to prepare for trial. The Court granted the motion, and set a trial date of January 6, 2014 and a final pretrial conference date of January 3, 2014. Tr. 54:19–55:21. The Court granted the government's motion to exclude time for Speedy Trial Act purposes until January 6, 2014. Tr. 56:18–23.

On November 21, 2013, Pretrial Services reported to the Court that Maraya Lewis had refused to sign a contract agreeing to be third party custodian, because Regina Lewis had instructed Maraya not to sign any papers. Later that day, the Court conducted another bail hearing in the case. At the bail hearing, the Court instructed Lewis that she could not be released until Maraya had signed the contract and Pretrial Services found that the rest of the conditions of release were satisfied. Dkt. No. 45 (transcript) at 5:9–11, 5:25–6:2.

On November 26, 2013, the Court held a further bail hearing in this case. At the hearing, Pretrial Services reported that Maraya had signed the contract and agreed to serve as a third-party custodian and Lewis signed a HIPAA waiver. Accordingly, the Court ordered Lewis' release subject to certain conditions, including the following:

(1) Maraya Lewis would serve as third party custodian to Lewis. Maraya Lewis must sign a contract indicating that she would advise Pretrial Services as to any violation of conditions by Lewis.

(2) Lewis would reside at a designated shelter and would apply for housing assistance.

(3) Lewis would participate in mental health counseling, as directed by Pretrial Services.

(4) Lewis would sign a HIPPA release form.

(5) Lewis would refrain from possessing a firearm, dangerous weapon or destructive device and refrain from residing at an address where such weapons are present;

(6) Lewis would refrain from making any direct or indirect threats to any individual by any medium.

(7) Lewis may not search the internet for background information regarding court personnel pertaining to her case and may not post any information on the internet regarding these individuals.

## VII. Lewis violates bail conditions and is arrested:

Just three weeks after her release, Lewis began to violate her bail conditions. On or around December 17, 2013, Lewis revoked the HIPAA release form that she had previously signed as a condition of bail. On December 19, 2013, Judge Katherine Polk Failla signed a warrant for Lewis' arrest based on her violation of conditions of release. Entry at 12/19/2013. The next day, Lewis threatened an employee of the Mayor's Office of Newburgh, New York and was arrested by officers from The City of Newburgh Police Department. The Police Department held Lewis overnight and transferred her into the custody of the United States Marshals on December 21, 2013. When interviewed by Pretrial Services, Ms. Lewis stated that she had conducted research on me on the internet, she had seen photographs of my son, and that she thought my son is "gorgeous."

On December 23, 2013, Magistrate Judge Gorenstein conducted a bail hearing and revoked Lewis' bail.

## VIII. The Court determines that Lewis is not competent to stand trial:

On December 29, 2013, Epstein wrote to the Court stating that it was his "firm opinion that Ms. Lewis is incompetent to stand trial." On January 5, 2014, the government also wrote to the Court, requesting that the Court reconsider its previous ruling regarding Lewis' competence to stand trial.

Due to a blizzard threatening to strike New York City on January 3rd, the next conference in the case was held on January 6, 2014. *See* Dkt. No. 45. During the conference, Lewis spoke in a rambling manner for about thirty minutes, largely about matters irrelevant to the proceedings. Dkt. No. 57. The combination of: (1) Epstein's opinion that Lewis was "incompetent to stand trial"; (2) Lewis' conduct at the hearing; and (3) the fact that she violated the conditions of her release by conducting prohibited research about me and my family, retracting her medical release form, and threatening an individual who worked at the Newburgh Mayor's Office; prompted the Court to reconsider its previous competency determination. *Id.* Based on the evidence before it, and the testimony from the November 5, 2013 hearing which indicated that 'triggering events' could affect Lewis' ability to represent herself, the Court found, by a preponderance of evidence, that Lewis was not competent to stand trial because she was presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she was unable to understand the nature and consequences

of the proceedings against her or to assist properly in her defense. *Id.*

Accordingly, pursuant to 18 U.S.C. § 4241(d), the Court committed Lewis "to the custody of the Attorney General, or his authorized representative, who shall hospitalize [her] for restoration, to include treatment and evaluation at a Bureau of Prisons Medical Center." Dkt. No. 57. The order provided that Lewis "shall continue to be hospitalized for treatment in such a Medical Center facility for a reasonable period not to exceed four months to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to understand the nature and consequences of the proceedings against her and to assist properly in her defense." *Id.* The order was stayed for three days to provide Lewis an opportunity to appeal. *Id.* She did not file an appeal.

## DISCUSSION

Now before the Court are three documents filed by Ms. Lewis, *pro se.*[1] (Copies of these documents are attached to this opinion.)

The first document is dated January 24, 2014 and is captioned "Order to Show Cause". The document states that: "Judge Hellerstein's order fails to show cause." It goes on to state that "I have been detained unsentenced and unconvicted longer than the sentencing guideline which was not part of a plea on a final sentence." The document references some enclosed exhibits, but the Court did not receive any such exhibits. The document also states that, "[p]ursuant to 18 USC 4083," Lewis "do[es] not consent to being in any high custody FBOP [Federal Bureau of Prisons] penitentiary."

---

1. At this time, Lewis is acting *pro se,* with Epstein as her standby counsel. Lewis' ability to proceed *pro se* will be subject to future review by this Court.

The second document is dated January 26, 2014, and purports to be a "motion to dismiss indictment 12 Cr. 655." The document states that, in violation of her Sixth Amendment rights, Lewis has been charged with violating "an offense of one statute 18 USC 115 that has been misquoted in bad faith with the sub-sections (A)(1)(b) of title 18 USCS 1114 to which I was not charged with."

The third document is a letter to Assistant Warden Bradley, of the Metropolitan Detention Center, which is dated February 5, 2014. This letter repeats the arguments that were made in the first two documents.

■ Courts must construe filings from a *pro se* plaintiff liberally and interpret them as raising the strongest arguments they suggest. *See Harris v. Mills,* 572 F.3d 66, 73 (2d Cir.2009). Accordingly the Court construes these documents as motions to dismiss the indictment against Lewis and motions for Lewis' release from detention. As discussed below, the Court denies these motions as meritless.

## I. The indictment properly charges Lewis

Lewis argues, in the January 26, 2014 document, that the indictment against her should be dismissed because it does not correctly identify the statute that Lewis has been charged with violating. The Court treats this as a challenge to the sufficiency of the indictment.

■ The Sixth Amendment to the United States Constitution guarantees the accused a right to "be informed of the nature and cause of the accusations against him." Indictments must give criminal defendants that notice. *United States v. Walsh,* 194 F.3d 37, 44 (2d Cir. 1999). "[A]n indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he

must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *Id.* (quotation omitted). An indictment must "contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury." *Id.* (quotation omitted). But, an indictment need "do little more than [ ] track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Id.* (quotation omitted).

■ The August 23, 2012 indictment against Lewis meets this standard. The indictment properly charges Lewis with violating 18 U.S.C. § 115(a)(1)(B). It both tracks the language of that statute and explicitly references that statute. The indictment also notifies Lewis of the approximate time and place of the alleged crime. As such, the indictment complies with the Sixth Amendment since it notified Lewis "of the nature and cause of the accusations against h[er]."

## II. There is a legal basis for Lewis' pretrial detention, and her detention is consistent with the United States Constitution

In the January 24, 2014 document, Lewis complains that she has "been detained unsentenced and unconvicted longer than the sentencing guideline which was not part of a plea on a final sentence." The Court treats this as a challenge to the lawfulness of Lewis' detention.

In this case, Lewis was held in pre-trial detention, pursuant to 18 U.S.C. § 3142(e), between July 26, 2012 and November 26, 2013, when she was released on bail. Because Lewis violated her bail conditions, she was arrested on December 20, 2013 and her bail was revoked on December 23, 2013. On January 9, 2014, Lewis was,

pursuant to 18 U.S.C. § 4241(d), transferred to the custody of the Attorney General, or his authorized representative, for hospitalization, for a reasonable time, not to exceed four months. As discussed below, statutes authorize Lewis' pretrial detention and that detention is consistent with the United States Constitution.

### A. Lewis' pre-trial detention is authorized by 18 U.S.C. § 3142(e):

 The Bail Reform Act of 1984 directs federal courts to detain arrestees pending trial if the Government demonstrates, by clear and convincing evidence after an adversary hearing, that no release conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The purpose of such detention must be to regulate the defendant's conduct, *i.e.* to prevent danger to the community and ensure the defendant's presence at trial, rather than to punish the defendant for her past conduct. *See United States v. Salerno*, 481 U.S. 739, 746–47, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *Bell v. Wolfish*, 441 U.S. 520, 536–537, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). There is no statutory limit on the length of pretrial detention under 18 U.S.C. § 3142(e). *See United States v. Orena*, 986 F.2d 628, 630 (2d Cir.1993).[2]

 Between July 26, 2012 and November 26, 2013 and between December 20, 2013 and the present, Lewis has been detained pursuant to that Act. That detention has been authorized by judicial officers who found, after an adversary hearing, that pre-trial detention was necessary for those regulatory purposes: because she was a flight risk or a threat to the safety of another person or the community. Magistrate Judge Gorenstein first ordered Lewis' pre-trial detention after a hearing on July 26, 2012. I ordered her continued pre-trial detention after a hearing on December 17, 2012. And, following Lewis' release on bail on November 26, 2013 and subsequent violation of the conditions of bail, Magistrate Judge Gorenstein ordered her pre-trial detention after a hearing on December 23, 2013. Accordingly, 18 U.S.C. § 3142(e)(1) provides a legal basis for Lewis' continued detention.

 In her January 24, 2014 letter, Lewis complains that her pre-trial detention has lasted "longer than the sentencing guideline." She is presumably referring to the April 19, 2012 conference in which the Court noted the possibility that a guideline sentence in her case might be "say, ten months to 16 months," Tr. 4/19/2014 at 6:7, and the August 14, 2013 conference, in which the government stated that according to its "rough estimate," a guideline sentence would be "somewhere between 12 and 16 months," Tr. 8/14/2013 at 2:18–19. However, the sentencing guidelines have no relevance to the lawfulness of Lewis' pretrial detention. Pre-trial detention is not punishment, and therefore its imposition is separate from any punishment that might be imposed stemming from Lewis'

---

**2.** Congress did not set a time limit on pretrial detention because it "expected … that the Speedy Trial Act" (which is discussed below) "would protect against overlong periods of pretrial incarceration." *United States v. Colombo*, 777 F.2d 96, 101 (2d Cir.1985). In reality, "the Speedy Trial Act might not [always] work perfectly well to protect against lengthy incarceration." *Id.* (quotation marks omitted). The Second Circuit has recognized that the Fifth Amendment's due process clause also places a limit on the length of pretrial detention. *See United States v. Gonzales Claudio*, 806 F.2d 334, 340–41 (2d Cir. 1986). That limit is discussed below.

conviction. *See Salerno,* 481 U.S. at 746–52, 107 S.Ct. 2095.[3]

### B. Lewis' commitment is authorized by 18 U.S.C. § 4241(d):

Since January 9, 2014, there has been an additional legal basis for Lewis' detention: because Lewis is not competent to stand trial she has been committed to the custody of the Attorney General for hospitalization pursuant to 18 U.S.C. § 4241(d).[4]

Section 4241(d) has its origins in the Constitution's "prohibit[ion on] the criminal prosecution of a defendant who is not competent to stand trial." *Medina v. California,* 505 U.S. 437, 439, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). As Justice Kennedy has explained,

> Competence to stand trial is rudimentary, for upon it depends the main part of those rights deemed essential to a fair trial, including the right to effective assistance of counsel, the rights to summon, to confront, and to cross-examine witnesses, and the right to testify on one's own behalf or to remain silent without penalty for doing so.

*Riggins v. Nevada,* 504 U.S. 127, 139–40, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992) (Kennedy, J., concurring).

To "accommodate" the tension between a defendant's right not to be tried

unless she is competent to stand trial and the government's power to bring an accused to trial, "federal law has long allowed the government to commit an incompetent defendant to custody in order to render him competent to stand trial." *Magassouba,* 544 F.3d at 403. Congress enacted § 4241(d) to regulate such commitments, and ensure that they are consistent with criminal defendants' due process. *See id.* That statute provides that:

> If [a] court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward ..."

18 U.S.C. § 4241(d). Hospitalization pursuant to § 4241(d) is "evaluative," *Magassouba,* 544 F.3d at 405, and designed to

---

**3.** In any event, it appears that Lewis has not understood the nature of the Sentencing Guidelines. After a defendant has been convicted or pled guilty, a court (typically relying in part on an investigation conducted by Probation) calculates the guideline sentence for a defendant pursuant to the Sentencing Guidelines. That guideline sentence, however, is not binding on the Court: it is just one factor to be considered. *See generally United States v. Booker,* 543 U.S. 220, 243, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). A defendant could be subjected to a sentence longer than the guideline sentence, up to the maximum authorized by statute.

In this case, the Court has not calculated the Sentencing Guidelines applicable to Lewis and the government has provided only a "rough estimate." That estimate is not binding on the government or the Court. If Lewis is convicted, Congress has authorized her imprisonment "for a term of not more than 10 years." 18 U.S.C. § 115(b)(4).

**4.** From January 9, 2014 onwards, Lewis' detention has been pursuant to both § 3142 and § 4241(d). *See United States v. Magassouba,* 544 F.3d 387, 404–05 (2d Cir.2008) (noting that a defendant may be detained on both grounds).

"enable medical professionals to accurately determine whether [a criminal defendant] is restorable to mental competency," *United States v. Strong*, 489 F.3d 1055, 1062 (9th Cir.2007).

██ This Court found that Lewis is not competent to stand trial on January 6, 2014. Accordingly, this Court was required by § 4241(d)[5] to put the criminal proceedings against Lewis on hold and transfer her to the Attorney General's custody for hospitalization. *See* 18 U.S.C. § 4241(d) (providing that "the court *shall* commit the defendant to the custody of the Attorney General" (emphasis added)). Therefore Lewis' commitment to the Attorney General's custody for hospitalization has a legal basis: it was mandated by § 4241(d).

## C. Due Process:

While statutes authorize Lewis' pretrial detention, the Constitution places a limit on the duration of such detention. The Fifth Amendment to the United States Constitution provides that: "No person shall ... be deprived of life, liberty, or property, without due process of law." The Second Circuit has held that, under some circumstances the length of pretrial detention may offend the Constitution's guarantee of due process. *See United States v. Ojeda Rios*, 846 F.2d 167, 169 (2d Cir.1988).

██ The Second Circuit has stated that "the due process limit on the duration of preventive detention requires assess-

ment on a case-by-case basis, since due process does not necessarily set a bright line limit for length of pretrial confinement." *United States v. Gonzales Claudio*, 806 F.2d 334, 340 (2d Cir.1986). Accordingly, in determining whether Lewis' detention is consistent with due process, this Court is required to consider: "(i) the length of detention; (ii) the extent of the prosecution's responsibility for the delay of the trial; and (iii) the strength of the evidence upon which the detention was based." *Orena*, 986 F.2d at 630.[6] "The longer the detention, and the larger the prosecution's part in prolonging it, the stronger the evidence justifying detention must be if it is to be deemed sufficient to justify the detention's continuance." *United States v. Briggs*, 697 F.3d 98, 101 (2d Cir.2012), as amended (Oct. 9, 2012).

██ In this case, Lewis was held in pre-trial detention between July 26, 2012 and November 26, 2013, when she was released on bail. Because Lewis violated her bail conditions, she was arrested on December 20, 2013 and her bail was revoked on December 23, 2013. On January 9, 2014, Lewis was, pursuant to 18 U.S.C. § 4241(d), transferred to the custody of the Attorney General for hospitalization, for a reasonable time, not to exceed four months. Thus, she has been detained for approximately 18 months, and will likely be held by the Attorney General for several months in the future, during her hospitalization. This is a long pre-trial detention, and its length, although lawful and necessary, troubles me. But, the Second

---

5. There is no discretion in this matter: the statute compelled the Court to commit Lewis to the Attorney General's custody. *See United States v. Cline*, 04–CR–6068L, 2008 WL 4501934 (W.D.N.Y. Sept. 30, 2008) (collecting cases and noting that courts to consider the issue have unanimously concluded that § 4241(d) affords the court no discretion).

6. In some cases, the Second Circuit has identified a fourth factor for consideration: "the gravity of the charges" against the defendant. *See, e.g., United States v. El–Hage*, 213 F.3d 74, 79 (2d Cir.2000). The gravity of the charges against Lewis are addressed as part of the Court's analysis of the strength of the evidence upon which the detention was based.

Circuit has upheld longer. *See, e.g., Briggs,* 697 F.3d at 101–04 (holding that pretrial detention of nearly 26 months did not violate due process); *United States v. Millan,* 4 F.3d 1038 (2d Cir.1993) (31 months); *El–Hage,* 213 F.3d 74 (24 months, plus at least 6 months for the trial). The circumstances justify Lewis' detention because her hospitalization is necessary to determine whether she will be competent to stand trial in the near future and because, in the meantime, she poses a threat to the community.

The record shows that Lewis poses a threat to the community. She has been charged with the serious crime of threatening a federal judge, in a manner that interferes with the judge's official duties or retaliates against him because of his performance of his official duties. *See* 18 U.S.C. § 115(a)(1)(B) (providing for the punishment of individuals who threaten a United States judge "with intent to impede, intimidate, or interfere with such [judge] while engaged in the performance of official duties, or with intent to retaliate against such [judge] on account of the performance of official duties"). While she is presumed innocent of these charges, the Court takes the serious allegations against her into consideration when evaluating the strength of the evidence justifying her detention. *Cf. El–Hage,* 213 F.3d at 79.

In addition to these serious charges, the United States Marshal's Service represented to the Court that Lewis has made "numerous threats to other Judges, court house employees," between 2002 and 2012. Tr. 12/17/2012 Hearing at 15:3–9. Moreover, the United States Marshal's Service warned the Court that Lewis has a record of violating court orders by making threats and harassing other individuals. *Id.* at 15:24–16:3. Those warnings came true when Lewis was released on bail in November 2013. Within three weeks of being released, Lewis had violated her conditions of release. She revoked a HIPAA release form, preventing Pre–Trial Services for ensuring that she was receiving mental health treatment. She threatened an employee of the Mayor's Office of Newburgh, New York and was arrested by officers from The City of Newburgh Police Department. And she conducted research regarding me and my family, in violation of an explicit order not to do so. Lewis' pattern of threatening individuals and her inability to comply with court orders constitutes strong evidence justifying her continued detention.

The length of Lewis' pre-trial detention under 18 U.S.C. § 3142(e) is not attributable to the prosecution's conduct. As explained in the recitation of the procedural history above, this case was originally set for a January 2013 trial and that trial date was delayed by Lewis' conflicts with the attorneys this Court appointed to represent her, the need to evaluate Lewis' competence, Lewis' unwillingness to attend court hearings, and Lewis' own requests for adjournments to allow her to prepare her defense. (The case was also delayed by Hurricane Sandy and a snow storm, two acts of god which closed down lower Manhattan.)

Indeed, the length of Lewis' pre-trial detention under § 3142(e) can, in part, be attributed to her own conduct. She could have obtained her release from detention in November 2013 by complying with the conditions set by this Court. In this respect, Lewis could be said to have held the key to her cell; she had the opportunity to be released and is back in detention as a result of her own actions. *Cf. Armstrong v. Guccione,* 470 F.3d 89, 92 (2d Cir.2006) (concluding that seven year detention of civil contemnor did not violate the due process clause, because the contemnor held the key to his prison cell and could

have obtained his release by complying with court orders). While Lewis' mental health problems may explain her failure to comply with the conditions of release set by the Court, they do not excuse her conduct, which resulted in her threatening an employee of the Newburgh Mayor's office.

Lewis' trial has now been further delayed as a result of her incompetence to stand trial. The case against her has been put on hold and she has been transferred to the Attorney General's custody for hospitalization, and evaluation by medical professionals. As discussed above, Lewis' hospitalization is supported by the evidence showing that she is incompetent to stand trial; the November 5, 2013 testimony of Dr. Owen and Dr. Powers regarding Lewis' mental health, Epstein's opinion, Lewis' conduct at the January 6, 2014 hearing, and her violations of the conditions of her release in December 2013. While Lewis' hospitalization has the unwelcome effect of prolonging Lewis' detention, it is necessary to ensure the integrity of our criminal process. *Cf. United States v. Melendez–Carrion*, 790 F.2d 984, 1008 (2d Cir.1986) (Feinberg, C.J., concurring) (giving "the civil commitment of mentally ill persons unable to take care of themselves" as an example of lengthy incarceration that can be imposed without a trial because it serves a regulatory, rather than a punitive, function); *Magassouba*, 544 F.3d at 403 (noting that "federal law has long allowed the government to commit an incompetent defendant to custody in order to render him competent to stand trial").

After considering the above, it is apparent that the length of Lewis' detention is an unfortunate consequence of the difficulties of trying those with mental health problems in our criminal justice system, rather than the prosecution's conduct and the detention is supported by strong evidence: Lewis' pre-trial detention pursuant to 18 U.S.C. § 3142(e) is supported by strong evidence that she is a threat to the community and cannot be trusted to comply with conditions of release and her hospitalization pursuant to 18 U.S.C. § 4241(d) is supported by the Court's finding that she is incompetent to stand trial. Since there are compelling reasons for Lewis' continued incarceration, it does not violate the due process clause. *See Briggs*, 697 F.3d at 101; *Orena*, 986 F.2d at 630.

## III. Lewis' right to a Speedy Trial has not been violated

The Court also treats the January 24, 2014 document as a challenge to the length of the proceedings against Lewis. The Speedy Trial clause of the Sixth Amendment and the Speedy Trial Act of 1974 protect criminal defendants against being subjected to excessively long criminal proceedings. As discussed below, the delays in Lewis' prosecution do not violate either of those provisions.

### A. The Speedy Trial Clause:

▮ The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." A defendant's constitutional right to a speedy trial attaches when she "is indicted, arrested, or otherwise officially accused." *United States v. MacDonald*, 456 U.S. 1, 6, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982). After that first accusation, a defendant must be brought to trial in a speedy manner. However, "the Sixth Amendment does not establish a requirement for a defendant to proceed to trial within a certain number of days." *United States v. Ghailani*, 733 F.3d 29, 42 (2d Cir.2013). Rather, courts must balance a private individuals' interest in a speedy trial—"to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possi-

bilities that long delay will impair the ability of an accused to defend himself," *United States v. Loud Hawk*, 474 U.S. 302, 312, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986) (internal quotation marks omitted)—with the demands of public justice. *Ghailani*, 733 F.3d at 42–43.

██ Accordingly, courts must consider the following factors in analyzing whether a defendant's constitutional right to a speedy trial has been violated: "(1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant asserted his right in the run-up to the trial; and (4) whether the defendant was prejudiced by the failure to bring the case to trial more quickly." *United States v. Cain*, 671 F.3d 271, 296 (2d Cir.2012) (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)).

██ In this case, a consideration of the above factors leads to a similar analysis to that under the due process clause: Lewis' speedy trial rights were triggered on July 26, 2012, the day she was arrested. *See MacDonald*, 456 U.S. at 6, 102 S.Ct. 1497. The criminal proceedings against her have taken more than eighteen months, and still continue. But the delays have largely been a result of Lewis' conflicts with attorneys and issues regarding her competence to stand trial. While Lewis has complained about the length of the proceedings against her and has been subjected to lengthy pretrial detention, there is no evidence that Lewis' ability to defend herself against the criminal charges in this case has been impaired. *See Loud Hawk*, 474 U.S. at 312, 106 S.Ct. 648. Because the delays in this case have been necessary to ensure the integrity of the criminal process, by ensuring that Lewis is competent

to stand trial, there has been no violation of her right to a Speedy Trial. *See United States v. Zedner*, 401 F.3d 36, 48–49 (2d Cir.2005) (holding that a seven-year delay did not violate the Sixth Amendment Speedy Trial Clause, where delay was caused in part by need to determine defendant's competency to stand trial and defendant's incompetency for a time); [7] *United States v. Mills*, 434 F.2d 266, 271 (8th Cir.1970) ("delays encountered in bringing a defendant to trial ... who is temporarily incompetent ordinarily do not infringe upon his Sixth Amendment right to a speedy trial") (citing, *inter alia*, *United States v. Davis*, 365 F.2d 251 (6th Cir. 1966); *Johnson v. United States*, 333 F.2d 371, 374 (10th Cir.1964)).

## B. The Speedy Trial Act:

The Speedy Trial Act of 1974 sets deadlines to formally charge and bring to trial defendants in federal prosecutions. The act "provides for dismissal of charges against a defendant who is not indicted, arraigned, or brought to trial within periods of time set forth in the statute." *United States v. Gaskin*, 364 F.3d 438, 451 (2d Cir.2004). The trial must begin within seventy days of the indictment *See* 18 U.S.C. § 3161(c)(1). But, "the Act contemplates the exclusion of certain periods of delay from the calculation," *United States v. Lucky*, 569 F.3d 101, 106 (2d Cir.2009) (quotation marks and alterations omitted); *see* 18 U.S.C. § 3161(h) (providing for the exclusions of certain delays).

In this case, Lewis was indicted on August 23, 2012. As discussed in the procedural history above, the Court excluded time as follows:

---

**7.** The Second Circuit's decision in *Zedner* was reversed by the Supreme Court on other grounds. *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006) (reversing Second Circuit's analysis under the Speedy Trial Act).

| Dates | Grounds for excluding time | Statutory basis |
| --- | --- | --- |
| August 30, 2012 to October 30, 2012 | Interests of justice | 18 U.S.C. § 3161(h)(7)(A) [8] |
| October 31, 2012 to November 18, 2012 | Time was not excluded as a result of the disruption arising from Hurricane Sandy which thwarted the conference scheduled for October 30, 2012. | |
| November 19, 2012 to May 2, 2013 | Interests of justice | 18 U.S.C. § 3161(h)(7)(A) |
| May 3, 2013 to May 7, 2013 | The Court did not contemporaneously 2013 order the exclusion of time. Time is excluded because the delay arose from Lewis' refusal to attend the May 3, 2013 status conference | 18 U.S.C. § 3161(h)(3)(A) [9] |
| May 7, 2013 to August 2, 2013 | Interests of justice and to allow for the examination of Lewis to determine her mental competence. | 18 U.S.C. § 3161(h)(1)(A), (h)(7)(A) [10] |
| August 2, 2013 to August 14, 2013 | Interests of justice | 18 U.S.C. § 3161(h)(7)(A) |
| August 14, 2013 to September 11, 2013 | To allow for the examination of Lewis 18 U.S.C. § 3161(h)(1)(A) to determine her mental competence. | 18 U.S.C. § 3161(h)(1)(A) |
| September 4, 2013 to October 2, 2013 | Upon defendant's consent | |
| October 1, 2013 to October 16, 2013 | Delay resulting from: the unavailability of the government's witness, Dr. Powers, who would testify as to Lewis' competence; the need to examine Lewis' competence; and the interests of justice | 18 U.S.C. § 3161(h)(1)(A), (h)(3)(A), (h)(7)(A) |
| October 17, 2013 to November 5, 2013 | The Court did not contemporaneously order the exclusion of time. Time is excluded because the de- | 18 U.S.C. § 3161(h)(1)(A) |

**8.** 18 U.S.C. § 3161(h)(7)(A) provides for the exclusion of "[a]ny period of delay resulting from a continuance granted by any judge ... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

**9.** 18 U.S.C. § 3161(h)(3)(A) provides for the exclusion of "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness." Subsection

(h)(3)(B) provides that "a defendant or essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial."

**10.** 18 U.S.C. § 3161(h)(1)(A) provides for the exclusion of any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant."

| | | |
|---|---|---|
| | lay resulted from the preparation for the November 5, 2013 hearing on Lewis' competence to stand trial. | |
| November 5, 2013 to November 11, 2013 | The Court did not order the exclusion of time. | |
| November 12, 2013 to January 6, 2014 | Interests of justice | 18 U.S.C. § 3161(h)(7)(A) |
| January 6, 2014 to present | Time is excluded because Lewis is not currently competent to stand trial | 18 U.S.C. § 3161(h)(4) [11] |

█ As the above chart reflects, the Court has excluded all of the time between August 23, 2012 and the present except for the following periods: August 23, 2012 to August 30, 2012, October 31, 2012 to November 18, 2012, and November 5, 2013 to November 11, 2013. Those periods of time amount to 31 days. Thus, there is no violation of the Speedy Trial Act because fewer than seventy (non-excludable) days have passed since Lewis' indictment. *See* 18 U.S.C. § 3161(c)(1).

## IV. Lewis' lack of consent to being in any high custody FBOP penitentiary is irrelevant

The January 24, 2014 document states that, "[p]ursuant to 18 USC 4083," Lewis "do[es] not consent to being in any high custody [Federal Bureau of Prisons] penitentiary."

The statute provides that;

Persons convicted of offenses against the United States or by courts-martial punishable by imprisonment for more than one year may be confined in any United States penitentiary.

A sentence for an offense punishable by imprisonment for one year or less shall not be served in a penitentiary without the consent of the defendant.

18 U.S.C. § 4083. The statute (and Lewis' consent under it) is of no relevance because Lewis is currently subject to pretrial incarceration: she has not been convicted of any offense and is presumed innocent of the charges against her.

## CONCLUSION

As the foregoing discussion shows, the prosecution against Lewis is valid: The indictment against her is sufficient. Her detention is authorized by statute and does not offend the Constitution. And the delays in the proceedings against her have not violated her statutory or constitutional rights to a fair trial.

However, while Lewis* detention is legal, it is troubling. A woman who is presumed innocent of the charges against her has been held in prison for more than eighteen months, and there is still no trial is in sight. The Court urges all involved with this case—the prosecution, those currently evaluating Lewis' mental health, and defense attorneys—to work together to ensure that this matter is resolved as expeditiously as possible. Lewis must not be subject to pre-trial detention for any longer than is necessary to ensure a fair and just resolution of the case against her.

SO ORDERED.

---

**11.** 18 U.S.C. § 3161(h)(4) provides for the exclusion of "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial."

1-24-14

12 Cr. 655 Orders to Show Cause

Judge Hellerstein's order fails to show
Cause, See enclosed exhibits (A)(B)(C). I
have been detained. unsentenced and
unconvicted longer than the sentencing
guideline which was not part of a plea
or a final sentence.

Due to the expiration as per Judge Hellerstein
stated in August 2013 transcripts "even if
I were to be found guilty at trial I
could not be sentenced to any time nor
probation or parole."

Pursuant to 18 USC 4083 I do not consent
to being in any high custody FBOP
penitentiary.

Regina Lewis

cc: Charles Samuels Jr.
Judge Hellerstein

1-26-14

Dear Judge Hellerstein

Be advised of my Pro se motion in support of my motion to dismiss indictment 12 Cr. 655.

I am charged with allegedly violating an offense of one statute 18USC115 that has been misquoted in bad faith with the sub-sections (A)(1)(b) of title 18 USC 1114 to which I was not charged with.

using the offense of a statute that I was not charged with to indict me violates my sixth Amendment rights.

Yours truly,
Regina Lewis

cc: Damian Williams Aust

12 CR655 (AKH)

To: Assistant Warden Bradley

2-5-14

FEB 11 2014
ALVIN... CHAMBERS

Greetings Sir;

perhaps you can explain my imprisonment here at MDC. Surely with your education and experience that you wear with a badge of honor you did not acheive your status by singling out unlawfully detained prisoner's. No one is perfect but looking at you no one would ever know it. In any event decisions here to be made in the interest of justice and the institution's interest.

I want to make you aware step by step of the Conscious attempt to deprive me of my life and liberty something that this Country has fought for.

What I am accused of under title 18 USC 115 doesn't even come remotely close to the statute's language. The indictment pertains to the language in sub sections of a statute title 18 USC 1114 that I was not charged therefore, the indictment is insufficient because ive not been informed of the charges against me nor can I form a defense, this violates my sixth amendment rights." A verbis legis non est recedendum".

Lui also exceeded the sentencing guideline of 10-16 months that too was theoretical and not part of a plea or final sentence.

The fixed trial date has also passed and my continued imprisonment is not an act of Congress thus establishing standing to file a 42 USC 1983 Eighth Amendment claim:

(1) Substantial risk of serious harm.
(2) Officials deliberate indifference to that risk.
(3) Causation: Carter v Galloway 2003 Ca 11) No. 352 7. 3d 1346 17 7 LW 7ed e 112.

*Regina Lewis*

cc:
Alvin K. Hellerstein - Honorable