11-4790-cr
United States v. Hill

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of February, two thousand twelve.

PRESENT:   RALPH K. WINTER,
                       REENA RAGGI,
                       DENNY CHIN,
                                   *Circuit Judges.*
-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                                   *Appellee*,

                       v.                                                                    No. 11-4790-cr

RODNEY HILL, a.k.a. Rock,
                                   *Defendant-Appellant*,

TYRONE PENNICK, a.k.a. Stuff, DAVID MANUEL, a.k.a. Day Day, WARDELL EPPS, a.k.a. Whoa Whoa, SHARON JACKSON, MYKALE KING, a.k.a. Mookie, PAULINE MANUEL, ANTHONY NEWMAN, EVELINA STOKES, SWAZINE SWINDLE, a.k.a. Swazzie, a.k.a. Swizzie, RAUL L. GARNICA, RENE I. GARNICA, a.k.a. Judy Thomas, YOLANDA HODGE, a.k.a. La La, JERMAINE HOWARD, a.k.a. Jay, ARTHUR HUBBARD, a.k.a. Art,

a.k.a. Fatboy, JESSE HUGHES, LOUIS MANUEL, JR.,
a.k.a. Stank, JOSEPH MARBLE, TONYA MAYE,
BRYANT WOODS, JUDITH ASKEW, a.k.a. Judy Thomas,
                    *Defendants.*[*]
--------------------------------------------------------------------------

APPEARING FOR APPELLANT:       GERALD T. WALSH, Zdarsky, Sawicki & Agostinelli LLP, Buffalo, New York.

APPEARING FOR APPELLEE:       JAMES P. KENNEDY, JR. (Joseph J. Karaszewski, *on the brief*), Assistant United States Attorneys, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from an order of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order issued on November 7, 2011, is AFFIRMED.

Rodney Hill, who stands indicted for substantive and conspiratorial drug crimes, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 843(b), 846, 848(a), as well as firearms offenses, see 18 U.S.C. §§ 922(g)(1), 924(a)(2), (c)(1), appeals from an order denying him bail pending trial, despite the fact that he has been detained since his arrest on December 16, 2009, without a trial date. Hill challenges his continued pretrial detention as violative of substantive and

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

procedural due process.[1] We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Substantive Due Process

Pretrial detention constitutes punishment in violation of the Fifth Amendment's Due Process Clause when it is excessive in relation to non-punitive purposes of detention, such as "preventing danger to the community," United States v. Salerno, 481 U.S. 739, 746-47 (1987), or "ensur[ing] [a defendant's] presence at trial," Bell v. Wolfish, 441 U.S. 520, 536 (1979). "To determine whether the length of pretrial detention has become unconstitutionally excessive, a court must weigh: (1) its length, (2) the extent of the prosecution's responsibility for delay of the trial, (3) the gravity of the charges, and (4) the strength of the evidence upon which detention was based, i.e., the evidence of risk of flight and dangerousness." United States v. El-Hage, 213 F.3d 74, 79-80 (2d Cir. 2000). In determining whether Hill's pretrial detention violated his due process rights, "we review the district court's findings of historical fact . . . for clear error, but we review its ultimate resolution of the constitutional due process issue de novo." United States v. Millan, 4 F.3d 1038, 1043 (2d Cir. 1993).

---

[1] Though Hill purports to challenge his detention under the Speedy Trial Clause of the Sixth Amendment, we have jurisdiction only to determine the propriety of pretrial detention, see United States v. Abuhamra, 389 F.3d 309, 317 (2d Cir. 2004) (holding that order of detention qualifies as appealable final order), not of delay in prosecution, see Barker v. Wingo, 407 U.S. 514, 522 (1972) (holding that dismissal of indictment "is the only possible remedy" for violation of constitutional speedy trial right), a matter reviewable only on appeal from a judgment of conviction, see United States v. Culbertson, 598 F.3d 40, 48 (2d Cir. 2010) (holding that neither constitutional nor statutory speedy trial claims are subject to interlocutory appeal).

3

On appeal, Hill does not challenge the district court's findings that he faces serious drug-trafficking charges that carry statutory minimum terms of life imprisonment, or that these charges carry a presumption of risk of flight and danger to the community that Hill failed to overcome and that was, in fact, reinforced by his past criminal history.[2] See 18 U.S.C. § 3142(e)(3); United States v. English, 629 F.3d 311, 319 (2d Cir. 2011). Rather, Hill focuses his due process argument on the length of his detention.

Due process sets no bright-line limit on the length of pretrial confinement. See United States v. Orena, 986 F.2d 628, 630 (2d Cir. 1993); see also United States v. Melendez-Carrion, 820 F.2d 56, 59 (2d Cir. 1987) (refusing to hold that pretrial detention of nineteen months constituted per se due process violation). Thus, the "[l]ength of detention will rarely by itself offend due process." United States v. Millan, 4 F.3d at 1044 (internal quotation marks omitted). Rather, we review the totality of the circumstances, upholding pretrial detentions of two to three years in some cases, see, e.g., United States v. El-Hage, 213 F.3d at 79-81 (upholding anticipated thirty to thirty-three month detention before verdict); United States v. El-Gabrowny, 35 F.3d 63, 65 (2d Cir. 1994) (upholding anticipated twenty-seven month detention before verdict); United States v. Millan, 4 F.3d at 1044 (reversing order of release and ordering defendants detained pending trial despite anticipated

---

[2] Hill's belated attempt to challenge these findings in his reply brief is unavailing because arguments raised for the first time in a reply brief are deemed waived. See Connecticut Bar Ass'n v. United States, 620 F.3d 81, 91 n.13 (2d Cir. 2010). The same conclusion pertains to his belated contention at oral argument that the government bears some responsibility for the delay. In any event, we identify no clear error in these findings.

4

thirty to thirty-one month detention before verdict), and finding them to violate due process when insufficiently justified by other factors, see, e.g., United States v. Ojeda Rios, 846 F.2d 167, 168-69 (2d Cir. 1988) (holding unconstitutional pretrial detention for thirty-two months without trial date); United States v. Gonzales Claudio, 806 F.2d 334, 341 (2d Cir. 1986) (holding unconstitutional detention anticipated to last twenty-six months before verdict).

On the facts of this case, we conclude that Hill's continued detention pending trial does not violate due process. Although the length of his detention certainly requires convincing justification for its continuance, that justification is found in the inherent complexities of this large multi-defendant case, which presents defense counsel with voluminous discovery to absorb and the court with myriad motions to address. Moreover, the record reflects no intentional, unwarranted delay by the prosecution, and most of the delay is attributable to the continuances requested by his twenty co-defendants and the complexities inherent in a twenty-defendant case. Further, the seriousness of the allegations against Hill, and the strength of the evidence indicating risk of flight and danger to the community, weigh strongly in favor of continued detention through trial.

For such continued pretrial detention not to offend due process, however, trial must be afforded Hill within a reasonable time. It appears that the district court has neither ruled on Hill's November 30, 2010 motion to sever his charges from those of his co-defendants, nor set a trial date. Therefore, in affirming Hill's detention order, we do so without prejudice to Hill moving this court to recall the mandate and reinstate his appeal if the district court

5

does not begin Hill's trial or release him on bail on or before July 1, 2012, see United States v. Salameh, 84 F.3d 47, 50 (2d Cir. 1996) (holding that "a court of appeals always has authority to restore appellate jurisdiction over a case that has been remanded to a district court" through grant of motion to recall mandate); United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir. 1994) (holding that 28 U.S.C. § 2106 authorizes issuance of mandate specifying conditions for restoration of appellate jurisdiction), the point at which his pretrial detention would have exceeded the thirty-month period we identified as "extraordinary" in United States v. El-Hage, 213 F.3d at 76.

2.      Procedural Due Process

Hill further argues that the district court's failure to "determine[] promptly" his appeal from the magistrate judge's detention order, 18 U.S.C. § 3145(b), requires his release on bail. The district court has candidly acknowledged that Hill's appeal of the magistrate judge's detention order languished on the docket for over nineteen months due to an administrative oversight.   Nevertheless, the Bail Reform Act's prompt hearing requirement does not "require, or even suggest, that a timing error must result in release of a person who should otherwise be detained."  United States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990). Because Hill does not challenge the district court's determination that no conditions of release would be sufficient to assure his appearance at trial and the safety of the community, this part of his due process argument is without merit.

3.      Conclusion

Accordingly, the detention order is AFFIRMED without prejudice to Hill moving this court to recall the mandate and reinstate his appeal if the district court does not begin Hill's trial or release him on bail on or before July 1, 2012.  The Clerk of Court shall refer any such motion to this panel.  The mandate shall issue forthwith.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court