12-2988-cr
United States v. Briggs

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2012

(Argued: September 4, 2012          Decided: October 5, 2012)

Docket No. 12-2988-cr

UNITED STATES OF AMERICA, *Appellee*

– v. –

ANTONIO BRIGGS, *Defendant-Appellant*

Before: CALABRESI and CARNEY, *Circuit Judges.**

Antonio Briggs, who stands indicted for substantive and conspiratorial drug crimes, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), 841(b)(1)(D), 841(b)(1)(E), and 846, and who, having been arraigned on August 17, 2010, has been detained with no trial date set, appeals from an order denying him bail pending trial. Briggs challenges his ongoing pretrial detention as a violation of due process. We conclude that the district court (Skretny, *J.*) properly applied our test for due process review of pretrial detention and that its findings of fact were not clearly erroneous. We therefore AFFIRM the detention order without prejudice to Briggs's moving this court to recall the mandate and reinstate his appeal if the district court does not begin Briggs's trial, or set reasonable bail for him, on or before February 1, 2013.

> JOEL L. DANIELS, Buffalo, N.Y., *for Defendant-Appellant.*
>
> MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul Jr., United States Attorney for the Western District of New York, Buffalo, N.Y., *for Appellee.*

---

* For health reasons, the third judge originally assigned to the panel was unable to hear the case. In accordance with our local rules, the two remaining members of the panel have decided the case. *See* 28 U.S.C. §46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

CALABRESI, *Circuit Judge*:

Antonio Briggs stands indicted for his alleged principal role in a multi-count, multi-defendant drug distribution conspiracy. A Third Superseding Indictment charges Briggs with conspiring to possess with intent to distribute, and to distribute, 5 kilograms or more of cocaine, 28 grams or more of cocaine base, heroin, MDMA, oxycodone, hydrocodone, and marijuana in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), 841(b)(1)(D), 841(b)(1)(E), and 846. Briggs was arraigned on August 17, 2010 and has been detained, with no date set for trial, ever since.

On September 1, 2010, Magistrate Judge Hugh B. Scott ordered Briggs held without bail pending trial. On December 23, 2010, the magistrate judge denied Briggs's motion for reconsideration. The district court (Skretny, *J.*) reviewed this denial and, in an order dated March 4, 2011, affirmed it. Earlier this year, Briggs again challenged the magistrate judge's order in district court—this time on the ground that his ongoing detention violates due process. On July 13, 2012, the district court rejected this challenge. Briggs now appeals here.

Before us, Briggs challenges the lower courts' finding that he represents a risk of flight and a danger to the community. He also complains that his detention has been too long—longer, he contends, than due process can tolerate. We disagree, and affirm the order of the district court. But we also find that unless Briggs's trial begins within a reasonable time, his ongoing detention may well violate due process. We hold, therefore, that Briggs may reinstate this appeal without prejudice if the district court does not begin his trial, or set reasonable bail for him, on or before February 1, 2013.

**BACKGROUND**

Antonio Briggs, a life-long resident of Western New York, is thirty-nine years old. He and his wife of fifteen years are the parents of two children, ages eighteen and eight. Briggs has two prior felony convictions—one, in 1992, for possessing half an ounce of cocaine, and another, in 1995, for possessing and selling several grams of cocaine. Briggs has never been charged with a violent offense, and there is no suggestion of violent behavior or weapon use in connection with the charges now pending. Since 2007, Briggs has been the owner and operator of a large urban clothing store in Buffalo, New York.

Briggs invokes his family and business ties to Western New York to rebut lower-court findings that he represents a risk of flight, and he adduces his non-violent record to rebut findings that he poses a danger to the community. He asks that we condemn his nearly twenty-six month detention as a violation of due process, and that we order the district court to set reasonable bail for him. In the alternative, he asks that we order for him the earliest possible trial date.

**DISCUSSION**

Pretrial detention satisfies due process only if its purpose is regulatory rather than punitive. *United States v. Salerno*, 481 U.S. 739, 746–47 (1987); *Bell v. Wolfish*, 441 U.S. 520, 536-537 (1979). Permissible regulatory purposes include "preventing danger to the community," *Salerno*, 481 U.S. at 747, and "ensur[ing] [a defendant's] presence at trial," *Bell*, 441 U.S. at 536. In a due process challenge to pretrial detention, "we review the district court's findings of historical fact . . . for clear error" and "its

3

ultimate resolution of the constitutional due process issue *de novo.*" *United States v. Millan*, 4 F.3d 1038, 1043 (2d Cir. 1993).

Briggs contends that his long detention offends due process. We have consistently held that due process places no bright-line limit on the length of pretrial detention. *See United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993); *United States v. Melendez-Carrion*, 820 F.2d 56, 59 (2d Cir. 1987). While length of detention is "obviously a central focus of our inquiry," *United States v. Gonzales Claudio*, 806 F.2d 334, 340 (2d Cir. 1986), "the due process limit on the duration of preventive detention requires assessment on a case-by-case basis," *id.* (internal quotation marks omitted).

In making such an assessment, we consider the strength of the evidence justifying detention, the government's responsibility for the delay in proceeding to trial, and the length of the detention itself. *See United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000); *United States v. El-Gabrowny*, 35 F.3d 63, 65 (2d Cir. 1994); *Millan*, 4 F.3d at 1043.[1] The longer the detention, and the larger the prosecution's part in prolonging it, the stronger the evidence justifying detention must be if it is to be deemed sufficient to justify the detention's continuance.

(1) *Strength of the Evidence Justifying Detention*

By statute, courts order the pretrial detention of a defendant when necessary to "assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(b). In determining whether a defendant poses a

---

[1] We have sometimes described the standard as a four-part test that looks at the length of detention, the prosecution's responsibility for delay, the gravity of the charges, and the strength of the evidence justifying detention. *See El-Hage*, 213 F.3d at 79; *El-Gabrowny*, 35 F.3d at 65. Because Congress has required courts to consider "the nature and circumstances of the offense charged" as part of their inquiry into the strength of the evidence justifying detention, *see* 18 U.S.C. § 3142(g)(1), we feel that no substance is lost, and some clarity is gained, by stating the standard in three parts.

risk of flight or represents a danger to the community, courts must consider "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; [and] (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4).

In its order of March 4, 2011, the district court properly examined each of these factors and decided that they all weighed against Briggs. The district judge observed that the charges against Briggs not only involved "a controlled substance," *see* 18 U.S.C. § 3142(g)(1), but that Briggs was charged with having "held a principal role" in "a large-scale drug-trafficking conspiracy involving various controlled substances." Order of March 4, 2011, at 4. Congress has created a statutory presumption of flight risk and dangerousness for a defendant who, like Briggs, is charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 18 U.S.C. § 3142(e)(3).[2] The district court adjudged that "the nature of Defendant's alleged offenses and his potential for a lengthy period of incarceration provide a motive to flee and weigh against release." Order of March 4, 2011, at 4.

The district judge found, moreover, that the evidence against Briggs "appears to be strong," consisting, among other things, "of intercepted communications between [Briggs] and other co-defendants, regarding the alleged purchase and distribution of narcotics." *Id.* Although Briggs invoked his nonviolent history and family and business ties to western New York to rebut the presumption of flight risk and dangerousness, the district court found that Briggs's personal characteristics and history cut both ways. *Id.* at 5. Thus, the district judge highlighted Briggs's criminal history of narcotic

[2] If convicted, Briggs faces a minimum prison term of ten years.

convictions, as well as information that the government had received "from a previously-credible confidential source" indicating that Briggs "had stated an intention to flee or take his own life upon pretrial release." *Id.* at 5-6. Finally, the district judge underscored government allegations that members of Briggs's family were seeking to identify informants and had hinted at reprisals. *Id.* at 6-7.

Reviewing Briggs's detention order sixteen months later, the district judge held that these "circumstances [had] not changed." Order of July 13, 2012, at 3. We see no reason to think that these factual findings of the district court were in error. We, like the district judge, conclude that the evidence justifying Briggs's detention is strong.

(2) *Responsibility for the Delay*

Earlier this year, we upheld by summary order the 24-month detention of a defendant who, like Briggs, was charged with participation in a large drug conspiracy. We noted that the defendant's long detention was justified in part by "the inherent complexities of this large multi-defendant case, which presents defense counsel with voluminous discovery to absorb and the court with myriad motions to address." *United States v. Hill*, 462 F. App'x 125, 127 (2012) (summary order). On the record of that case we discovered "no intentional, unwarranted delay by the prosecution," and determined that "most of the delay [was] attributable to the continuances requested by [the defendant's] twenty co-defendants and the complexities inherent in a twenty-defendant case." *Id.*

A review of the record in the instant case yields a similar conclusion. This case, too, has been slowed by repeated motions and abundant discovery. As the government points out in opposition to Briggs's appeal, Briggs himself has joined most of the

motions that his co-defendants have filed. *See* Appellee's Mem. in Resp., at 6. It appears, therefore, that he bears some of the blame for his trial's delay. Accordingly, this fact also weighs against finding a due process violation.

We caution, however, that the difficulties faced by the prosecution in a large and complex case do not justify the indefinite detention of the defendants. The realities of limited resources and the interests of efficiency may lead us to uphold exercises of prosecutorial discretion, but they do not suffice to excuse failures of prosecutorial diligence. When the government decides to prosecute a case of considerable complexity and scope, it must still pursue that case with promptness and energy. Due process does not slumber because cases are complex.

(3) *Length of Detention*

We have often affirmed that the Constitution imposes no bright-line limit on the length of pretrial detention. *See Millan*, 4 F.3d at 1044; *Orena*, 986 F.2d at 630. But we have also stressed that very long detentions must be exceptional.

Twelve years ago, for instance, we upheld against constitutional challenge the pretrial detention, projected to last between 30 and 33 months, of a defendant charged "with being a key participant in the terrorist organization founded by [Osama] Bin Laden, called 'al Qaeda.'" *El-Hage*, 213 F.3d at 77. We emphasized, however, that the length of detention in that case was "extraordinary, and justified only by the unprecedented scope of violence that the conspiracy of which defendant was allegedly a part inflicted on innocent victims, by the extraordinarily complex and difficult preparation needed to present this case, and, more particularly, because the lengthy delay in bringing defendant to trial may not be laid at the government's doorstep." *Id.* at

76-77. We added later in the opinion that "the length of El-Hage's detention weighs heavily in his favor in his argument that his due process rights have been violated." *Id.* at 80.

In an earlier case, we condemned as unconstitutionally excessive the detention of two defendants charged with participating in the robbery of a Wells Fargo depot by paramilitary Puerto Rican nationalists. *Gonzales Claudio*, 806 F.2d 334. The defendants in that case had been held for fourteen months, and their trial, set for four months following the disposition of their appeal, was expected to last eight months more. *Id.* at 335.

In considering Briggs's claim below, the district judge noted the discrepancy in the outcomes of these cases, observed that length of detention is not dispositive, and proceeded to consider the other relevant factors. Order of July 13, 2012, at 2. Finding that each of these factors weighed against Briggs, the district judge determined that "the totality of the circumstances" did not support a finding of due process violation. *Id.*

We affirm this holding. But we emphasize that we are deeply troubled by the length of Briggs's detention. We stress, moreover, that our repeated statements that length of detention alone is not dispositive must not be read to authorize detentions of any length simply because the other relevant factors weigh against the defendant. There is no bright-line limit on the length of detention that applies in all circumstances; but for every set of circumstances, due process does impose a limit. Although we affirm the district judge's ruling that the other relevant factors weigh sufficiently strongly against Briggs to justify his ongoing detention at this point, we find that the length of his detention is approaching the limits of what due process can tolerate.

8

## Conclusion

We are disturbed by Briggs's long detention. But we conclude, after weighing the relevant factors, that Briggs's detention does not, at this time, violate due process. Our decision to uphold the district court's ruling, however, is a close call. Because of the length of Briggs's detention, due process demands that the district court begin Briggs's trial, or set reasonable bail, very soon. Accordingly, while we AFFIRM the district court's holding that Briggs's detention does not now violate due process, we do so without prejudice to Briggs's moving this court to recall the mandate and reinstate his appeal if the district court does not begin his trial, or set reasonable bail for him, on or before February 1, 2013. The Clerk of Court shall refer any such motion to this panel. The mandate shall issue forthwith.