15-2767-cr
*United States v. Rounds*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand fifteen.

PRESENT:  JON O. NEWMAN,
          RALPH K. WINTER,
          JOSÉ A. CABRANES,
                    *Circuit Judges.*

UNITED STATES OF AMERICA,

          *Appellee,*           15-2767-cr

          v.

DONALD ROUNDS,

          *Defendant-Appellant.*

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | JAMES W. GRABLE, Jr., Buffalo, NY. |
| **FOR APPELLEE:** | JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, NY. |

Appeal from an order of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Donald Rounds appeals from an August 17, 2015 order of the District Court denying his motion for pretrial release. Rounds argues that the length of his pretrial detention—which began on May 7, 2010—violates the Due Process Clause, U.S. Const. amend. V. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"In a due process challenge to pretrial detention," we review a district court's factual findings for clear error and "its ultimate resolution of the constitutional due process issue *de novo*." *United States v. Briggs*, 697 F.3d 98, 101 (2d Cir. 2012) (internal quotation marks omitted). "[D]ue process places no bright-line limit on the length of pretrial detention." *Id.* Instead, we consider, case by case, "the strength of the evidence justifying detention, the government's responsibility for the delay in proceeding to trial, and the length of the detention itself." *Id.*

We agree that the length of Rounds's detention is troubling. Nonetheless, as the District Court found, while the Government bears "some" fault for the delay in bringing this complex prosecution, "this case was never at a standstill awaiting government action," and much of the responsibility lies with Rounds's own counsel. *See* Rounds Br. Ex. A at 6-8 & n.2. We note, too, that Rounds's trial is scheduled to begin on November 3, 2015, just fourteen days after this appeal was submitted for consideration.

The gravity of the charges and the strength of the evidence on which Rounds's detention was based also counsel against release. Rounds stands accused of crimes which carry a maximum penalty of life in prison. The District Court found that the Government's evidence against Rounds "appears strong," *id.* at 8, and we find no error in that determination. In considering Rounds's risk of flight and dangerousness, the District Court rested primarily on the rebuttable presumptions created by 18 U.S.C. § 3142(e)(3).[1] The Court found that Rounds had failed to rebut those presumptions, much less "the other proffered evidence of … dangerousness or risk of flight," Rounds Br. Ex. A at 9, and we cannot conclude that it erred in weighing the evidence before it.

---

[1] 18 U.S.C. § 3142(e)(3) provides that, "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed" one of a list of enumerated offenses, including "(A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46; [or] (B) an offense under section 924(c), 956(a), or 2332b of this title."

**CONCLUSION**

We have reviewed all of the arguments raised by Rounds on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 17, 2015 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk