United States v. Williams

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
BARRINGTON D. PARKER,
REENA RAGGI,
<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
<u>Appellee</u>,

-v.-        16-1148

JOHN TODD WILLIAMS,
<u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:        KENNETH J. MONTGOMERY,
Kenneth J. Montgomery PLLC,
Brooklyn, New York.

FOR APPELLEE:        DANIEL B. TEHRANI, Assistant
United States Attorney, for
Preet Bharara, United States
Attorney for the Southern

1

District of New York, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Torres, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

John Todd Williams appeals from an order of the United States District Court for the Southern District of New York (Torres, J.), entered April 12, 2016, which denied him bail pending trial on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. We review for clear error a district court's bail determination, including its findings of fact pertaining to risk of flight, danger to the community, and the adequacy of any proposed bail conditions, see United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995), and we will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed," United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted); see also United States v. LaFontaine, 210 F.3d 125, 130 (2d Cir. 2000). Because we discern no clear error, we affirm.

In seeking pretrial detention, the government bears the burden of establishing risk of flight by a preponderance of the evidence and dangerousness by clear and convincing evidence. See 18 U.S.C. § 3142(f); Sabhnani, 493 F.3d at 75. The government is not, however, bound by the rules of evidence, see 18 U.S.C. § 3142(f), and may proceed by proffer, see, e.g., Ferranti, 66 F.3d at 542 (citing United States v. Salerno, 481 U.S. 739, 743 (1987)).

In assessing a defendant's risk of flight and dangerousness, Congress has directed courts to consider: (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence"; (2) "the weight of the evidence against the person"; (3) the "history and characteristics of the person," which includes "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings"; and

(4) the "nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

If the Government proves risk of flight or dangerousness, then the court is permitted to order pretrial detention, but only if, after a hearing, it concludes that "no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of . . . the community."  18 U.S.C. § 3142(e).  "Under this statutory scheme, 'it is only a limited group of offenders who should be denied bail pending trial.'"  Sabhnani, 493 F.3d at 75 (quoting United States v. Shakur, 817 F.2d 189, 195 (2d Cir. 1987)) (internal quotation marks omitted).

The district court concluded that Williams has a risk of flight based on (1) "[t]he strength of the evidence" against him, "coupled with the significant sentence he potentially face[d]"; (2) his flagrant disregard for "court orders of both civil and criminal cases"; (3) his attempts "to evade oversight and detection from government agents by using aliases and registering his companies in the names of other people"; and (4) his "extensive criminal history, parole violations, and engagement in criminal activity while under court-ordered supervision."[1]  Gov't Ex. G at pp.4-5.

In reviewing the defendant's criminal history, the district court emphasized that it was "struck by the fact that a number of these matters involve deceit."  Id. at pp.5-6.  The district court also concluded that there are no reasonable conditions of release that can be set to assure the appearance of the defendant, and that the defendant's proposed bail package was insufficient.  All of these

---

[1]    The district court listed the offenses as theft by taking in 1986; driving under the influence, driving on a suspended license, and possession of dangerous drugs in 1987; driving under the influence and driving on a suspended license in 1995; possession of marijuana in 1999; financial card fraud in 2000; driving under the influence of alcohol and theft by deception in 2002; driving on a suspended license in 2006; aggravated assault in 2006; no driver's license in 2008; and numerous probation violations over the years.  In addition, in 1999 Mr. Williams failed to appear in court in a case involving shoplifting and financial card theft offenses.

findings were supported in the record, and so the district court did not commit clear error.

    For the foregoing reasons, and finding no merit in the defendant's remaining arguments, we hereby **AFFIRM** the order of the district court.

                          FOR THE COURT:
                          CATHERINE O'HAGAN WOLFE, CLERK