17-2236
*United States v. Handler-Jacobs*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 18th day of September, two thousand seventeen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
                 ROBERT D. SACK,
                 PETER W. HALL,
                      *Circuit Judges*.

---

UNITED STATES OF AMERICA,

     *Appellee*,

          - v -                                              No. 17-2236

RUBY HANDLER-JACOBS

     *Defendant-Appellant*.

---

For Defendant-Appellant:             COLLEEN P. CASSIDY, Barry D. Leiwant,
                                                    Assistant Federal Public Defenders, Federal
                                                    Defenders of New York, Inc., New York,
                                                    NY.

For Appellee:                              DANIEL S. NOBLE, Margaret M. Garnett,
                                                    Assistant United States Attorneys, *for* Joon
                                                    H. Kim, Acting United States Attorney for

1

the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

On December 6, 2016, Ruby Handler-Jacobs was indicted on nine counts for conspiracy to commit wire fraud, wire fraud, conspiracy to impersonate employees of the United States, impersonation of employees of the United States, aggravated identity theft, conspiracy to commit money laundering, concealment money laundering, transportation money laundering, and monetary transactions in unlawful funds. These charges arose from Handler-Jacobs's alleged involvement in an international fraudulent investment scheme that defrauded investors of over $50 million. Since her arrest on December 11, 2016, she has been detained without bail. She appeals from her detention. We affirm. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]e apply deferential review to a district court's order of detention and will not reverse except for clear error, *i.e.*, unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted).

Although the law favors bail release, a defendant will be detained without bail if the government shows, by a preponderance of the evidence, (1) "that the defendant, if released, presents an actual risk of flight" and (2) "that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Id.* With respect to the second prong of this standard, 18 U.S.C. § 3142(g) identifies four factors that courts shall

2

take into account: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

We detect no clear error in the district court's weighing of these factors or in its ultimate determination that Handler-Jacobs presents an actual risk of flight and that no conditions of bail would reasonably assure her presence in court. The district court relied on documentary evidence indicating that Handler-Jacobs had actively participated in a massive international fraud. The fraud apparently included foreign bank accounts and international travel. The alleged architect of the fraud remains at large, presumably abroad. In addition, the evidence indicates that Handler-Jacobs participated in the fraud while on bail for a state securities fraud charge in New Mexico. These circumstances demonstrate that the district court did not clearly err in concluding that Handler-Jacobs presents a risk of flight and that no conditions of bail could assure her appearance in court.

Handler-Jacobs also argues that her detention without bail has been unconstitutionally long. We review the "ultimate resolution of the constitutional due process issue *de novo*." *United States v. Briggs*, 697 F.3d 98, 101 (2d Cir. 2012) (quoting *United States v. Millan*, 4 F.3d 1038, 1043 (2d Cir. 1993)). "[T]he due process limit on the duration of preventive detention requires assessment on a case-by-case basis. In making such an assessment, we consider the strength of the evidence justifying detention, the government's responsibility for the delay in proceeding to trial, and the length of the detention itself." *Id.* Considering the seriousness of the risk of flight, and the relative imminence of trial (after accepting the representation of her counsel at oral

3

argument that it will be sometime well after the current trial date of November 27, 2017), we conclude that Handler-Jacobs's detention is constitutional.

We have considered all of Handler-Jacobs's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK