United States v. Williams

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand eighteen.

PRESENT: REENA RAGGI,
             GERARD E. LYNCH,
                             *Circuit Judges*,
             LEWIS A. KAPLAN,[*]
                             *District Judge.*

_____

UNITED STATES OF AMERICA,

                                *Appellee*,

         v.                                          No. 16-4186-cr

JOHN TODD WILLIAMS,

                           *Defendant-Appellant*,

WILLIAMS SCOTT & ASSOCIATES, LLC, AKA WSA, AKA WARRANT SERVICES ASSOCIATION, BENITA CANNEDY, AKA SHARON WRIGHT, ARTHUR COOK, AKA ACE ROGERS, TITUS MCDOWELL, AKA MR. MCDOWELL,

                                 *Defendants*.[†]

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of the Court is directed to amend the official caption to read as shown above.

FOR APPELLEE:                          Benet J. Kearney, Sarah E. Paul, Brian R. Blais, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

FOR APPELLANT:                         John Todd Williams, *pro se*, Marianna, Florida.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 11, 2016, is AFFIRMED.

Defendant John Todd Williams, proceeding *pro se*, appeals from a judgment of conviction entered after a jury trial at which he was found guilty of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349, for his role in a scheme to collect money from individuals by making fraudulent representations and false threats over the telephone.   Sentenced to five years' imprisonment and ordered to forfeit $3,995,443.53 and to pay restitution in the same amount, Williams now challenges his conviction and sentence on multiple grounds.   In addressing these, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Among his numerous challenges, Williams urges error on grounds that (1) the warrant authorizing the search of his company's premises was illegally obtained through false statements in the supporting affidavit, (2) the government vindictively prosecuted him for his refusal to cooperate with various regulatory agencies, (3) the wire fraud statute

2

underlying his conviction is void for vagueness, and (4) the indictment failed sufficiently to allege an offense. Williams raised these same arguments in his pre-trial motions to suppress and to dismiss the indictment. Upon independent review of the record and relevant law, we deem these challenges meritless and affirm substantially for the reasons stated on the record by the district court in its June 6, 2016 ruling. We have carefully reviewed Williams's remaining arguments and deem them equally meritless.

*First*, Williams argues that a parallel civil action by the Federal Trade Commission ("FTC") precluded his criminal prosecution. Insofar as Williams invokes the Double Jeopardy Clause to support his arguments, *see* U.S. Const. amend. V, his argument is defeated by precedent recognizing that civil enforcement orders do not equate to criminal punishment, *see Helvering v. Mitchell*, 303 U.S. 391, 398–99 (1938); *Abuzaid v. Mattox*, 726 F.3d 311, 317 (2d Cir. 2013) (explaining that if one of two penalties imposed is "a civil penalty, and not a criminal punishment," then double jeopardy claim fails). In urging otherwise, Williams observes that the FTC enforcement action resulted in ordered disgorgement of $3,935,246.51, roughly the same amount as his ordered criminal forfeiture and restitution. The argument fails because, as this court has recognized, disgorgement of profits is not punitive but, rather, "a civil remedy which serves the remedial purpose of preventing unjust enrichment." *S.E.C. v. Contorinis*, 743 F.3d 296, 306 (2d Cir. 2014). By contrast, a criminal forfeiture order punishes the offender and "serves no remedial purpose," *id.*, and restitution is designed to make victims whole, *see United States v. Finazzo*, 850 F.3d 94, 117 (2d Cir. 2017). The district court may well have intended, as a factual matter, for its restitution and criminal forfeiture orders to recoup from Williams the

3

same money—not more—as the civil disgorgement order.  *See* No. 14 Cr. 784 (S.D.N.Y.), Dkt. No. 218 (district court commenting, at sentencing, that it did not anticipate government collecting same $3.9 million amount more than once).  But that is not the issue before us.  We here conclude only that the FTC civil action against Williams did not bar his criminal prosecution.

*Second*, Williams argues that his due process rights were violated because his arrest was not supported by a warrant or summons.  The record belies this claim.  A magistrate judge in the Southern District of New York signed a criminal complaint against Williams and issued a warrant for his arrest on November 12, 2014.  Williams was arrested pursuant to that warrant and arraigned thereon in the Northern District of Georgia on November 18, 2014, at which time he waived his rights to an identity hearing and to the production of the warrant, and was ordered detained.  A grand jury in the Southern District of New York returned an indictment against Williams on December 1, 2014, and the Northern District of Georgia ordered Williams committed to the Southern District of New York on December 2, 2014.  We thus identify no due process violation in connection with Williams's arrest and transfer to the Southern District of New York.[3]

*Third*, Williams challenges venue in the Southern District of New York.  Venue is

---

[3] Williams argues that the Northern District of Georgia docket notes his arrest pursuant to Fed. R. Crim. P. 40, which authorizes arrest based on an individual's failure to appear in another district.  This apparent docketing error, however, fails to undermine record evidence that Williams was arrested pursuant to a valid arrest warrant.  Certainly, Williams points to no evidence supporting his conclusory assertions that the warrant and supporting documents were falsified and added to the Southern District of New York docket after the fact.

proper in "any district in which an offense was begun, continued, or completed." *United States v. Lange*, 834 F.3d 58, 69 (2d Cir. 2016) (internal quotation marks omitted); *see* 18 U.S.C. § 3237(a). Where the charged offense is a conspiracy, venue lies in "any district in which an overt act in furtherance of the conspiracy was committed." *United States v. Tzolov*, 642 F.3d 314, 319–20 (2d Cir. 2011) (internal quotation marks omitted). A phone call made to a district may establish venue, provided that the phone call furthers the conspiracy. *See United States v. Tang Yuk*, 885 F.3d 57, 71 (2d Cir. 2018). Here, a fraudulent debt collection phone call made by one of Williams's employees to a victim in Manhattan was sufficient to establish venue in the Southern District of New York. Insofar as Williams challenges the denial of his motion to transfer venue, we identify no abuse of discretion in the district court's ruling. *See id.* at 74 n.5.

*Fourth*, Williams argues that his 19-month pre-trial detention violated due process. Williams did not challenge the length of his pre-trial detention before the district court, and, on plain error review, *see United States v. Abad*, 514 F.3d 271, 274 (2d Cir. 2008), we identify no constitutional violation. In conducting a case-specific inquiry into a defendant's pre-trial detention, we consider the length of the detention itself, the strength of the evidence justifying the detention, and the government's responsibility for the delay. *See United States v. Briggs*, 697 F.3d 98, 101 (2d Cir. 2012). Here, strong evidence supported Williams's detention, *see United States v. Williams*, 654 F. App'x 3, 4 (2d Cir. 2016) (affirming district court's denial of Williams's bail motion on flight-risk grounds), and the delays were attributable not to government foot-dragging but to voluminous discovery that had to be produced and reviewed and by Williams's changes in counsel. A

5

delay of 19 months, by itself, is not so excessive as to be presumptively prejudicial, especially where, as here, there is no allegation that there was any impairment to the defense. *See Barker v. Wingo*, 407 U.S. 514, 530–32 (1972); *United States v. Briggs*, 697 F.3d at 103 (identifying no due process violation in 25-month pre-trial detention). These circumstances do not manifest delay violative of due process.

*Fifth*, Williams argues that jury instructions constructively amended the indictment, because the indictment alleged that the fraudulent debt collection scheme caused victims to pay more than they actually owed but the jury instructions did not require a finding of intent to cause harm of that nature. Rather, the jury was instructed that, to convict Williams of wire fraud conspiracy, it had to find only that his misrepresentations were intended to induce victims to enter into transactions without the relevant facts necessary to make informed economic decisions. *See United States v. Binday*, 804 F.3d 558, 576–77 (2d Cir. 2015). Williams did not object to this jury instruction in the district court, and, on plain error review, *see United States v. Bastian*, 770 F.3d 212, 219 (2d Cir. 2014), we identify no inconsistency with the indictment resulting in constructive amendment, *see United States v. Milstein*, 401 F.3d 53, 65 (2d Cir. 2005) (explaining no constructive amendment occurs where indictment generally encompasses "specific legal theory or evidence used at trial"); *see also United States v. Bastian*, 770 F.3d at 220 (requiring only notice of "essence of the crime" charged and explaining that "discrepancies in the particulars of how a defendant effected the crime do not constructively amend the indictment" (brackets and internal quotation marks omitted)). The indictment charges a scheme to transmit fraudulent statements by telephone and electronic mail in order to

6

coerce victims into paying "purported" debts, No. 14 Cr. 784 (S.D.N.Y.), Dkt. No. 40 at 1–2, language broad enough to encompass both the inducement of payments in excess of what was actually owed and the "loss of control" theory about which Williams complains.

*Sixth*, Williams argues that his sentence was procedurally unreasonable because the evidence introduced at trial and at his sentencing hearing was insufficient to support the district court's Guidelines calculations as to loss and number of victims. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (stating that sentence is procedurally unreasonable if district court commits "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range"). We review factual findings relating to loss calculation for clear error, *see United States v. Brennan*, 395 F.3d 59, 74 (2d Cir. 2005), which is not evident here. For purposes of Guidelines calculations, a district court need only make a reasonable estimate of loss based on a preponderance of the evidence presented. *See United States v. Coppola*, 671 F.3d 220, 249–50 (2d Cir. 2012); U.S.S.G. § 2B1.1 cmt. 3(C). The district court's loss and victim calculations here were reasonably derived from records compiled from a payment processor used by Williams Scott & Associates, LLC to receive victims' payments, which records showed the loss amounts associated with each victim. The district court also reasonably concluded that, whether or not any of the victims' payments made to Williams's collection agency reflected debts legitimately owed, Williams's use of fraudulent means to deprive those victims of "potentially valuable economic information" that might otherwise have led them not to pay off those debts, *Binday*, 804 F.3d at 570 (internal quotation marks omitted), rendered each payment part of the harm he inflicted by depriving the victims of the right to control their

7

finances, and therefore a reasonable estimate of the victims' loss.

Insofar as Williams also argues procedural error in the district court's failure to consider sentencing disparities among his co-defendants, 18 U.S.C. § 3553(a) "requires a district court to consider nationwide sentence disparities, but does *not* require a district court to consider disparities *between co-defendants*." *United States v. Ghailani*, 733 F.3d 29, 55 (2d Cir. 2013) (emphasis added). In any event, Williams, who headed the fraud scheme, can hardly show that he was similarly situated in all respects to co-defendants playing lesser roles. *See United States v. Goffer*, 721 F.3d 113, 130 (2d Cir. 2013) (identifying no unreasonableness in sentencing disparity where defendant was leader of fraudulent enterprise and therefore was not similarly situated to co-defendants whom he recruited and directed).

Accordingly, Williams's procedural challenge fails on the merits.[4]

*Seventh*, Williams claims four separate counsel appointed during proceedings below provided him constitutionally ineffective assistance. We deny these claims on the record

---

[4] Equally meritless is Williams's suggestion that his 60-month sentence, well below his 235 to 293-month Guidelines range, is substantively unreasonable. *See United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances. It is therefore difficult to find that a below-Guidelines sentence is unreasonable." (internal citation and quotation marks omitted)); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (explaining sentence substantively unreasonable only in "exceptional cases" where it "cannot be located within the range of permissible decisions" (internal quotation marks omitted)). Much less is his sentence "extreme" or "grossly disproportionate" to his crime so as to warrant relief under the Eighth Amendment. *United States v. Rivera*, 546 F.3d 245, 254–55 (2d Cir. 2008); *see Ewing v. California*, 538 U.S. 11, 21 (2003) (explaining proportionality challenges rarely successful outside of capital punishment context and rejecting Eighth Amendment challenge to 25-year sentence for theft of golf clubs worth $1,200).

before us, but without prejudice to their renewal in a 28 U.S.C. § 2255 proceeding. *See United States v. Khedr*, 343 F.3d 96, 99–100 (2d Cir. 2003) (explaining "baseline aversion to resolving ineffectiveness claims on direct review" (internal quotation marks omitted)); *see also Massaro v. United States*, 538 U.S. 500, 504–05 (2003) (expressing preference that ineffective assistance claim be evaluated on § 2255 motion, rather than on direct appeal, to permit development of record).

We have considered all of Williams's remaining arguments, including those raised in his supplemental brief, and conclude that they are without merit. Accordingly, we AFFIRM the judgment of conviction.

We also have considered Williams's motions to add exhibits to his reply brief, to add exhibits and an argument to his supplemental brief, and to compel the government to produce the oral order issued for his criminal complaint and a Fed. R. Crim. P. 4.1 transcript or recording. Because we identify no basis for granting the relief requested in any of these motions, they are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9